UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

YALEISY ROMAN RAMIREZ,

    Plaintiff,

v.

ABC INTERNATIONAL CLEANING SERVICES INC.,
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, ABC INTERNATIONAL CLEANING SERVICES INC. ("ABC") and PANAGIOTI A/K/A PETER XYDIS ("Mr. Xydis"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

**I.      INTRODUCTION**

1. On or about July 13, 2021, Plaintiff, YALEISY ROMAN RAMIREZ ("Plaintiff"), filed a civil action against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, entitled *Yaleisy Roman Ramirez v. ABC International Cleaning Services Inc. and Panagioti a/k/a Peter Xydis*, assigned Case No. 21-014176 (hereinafter referred to as the "State Court Action").

2. Plaintiff's Complaint contains the following Counts: (1) Fair Labor Standards Act ("FLSA") Minimum Wage Violations against Defendants (Count I); (2) Florida Minimum Wage

Act ("FMWA") Violations against Defendants (Count II); (3) Federal Overtime Wage Violations against Defendants (Count III); (4) Breach of Oral Contract for the Payment of Wages against ABC (Count IV); and (5) Violation of the Florida Civil Rights Act (FCRA) for Sex Discrimination/Pregnancy Discrimination against ABC (Count V).

3. A true and correct copy of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Composite Exhibit A.

4. As set forth more fully below, this action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. §1331, because Plaintiff has asserted claims under the FLSA, and this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367(a).

5. A copy of the Complaint and Summons in the State Court Action was purportedly served on Defendants on July 21, 2021.[1] This constituted Defendants' first legal notice of the State Court Action for purposes of removal. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which Defendants received notice of the State Court Action.

6. Pursuant to 28 U.S.C. §1446(a), the District and Division where this action is pending is the United States District Court for the Southern District of Florida, Broward Division, and Defendant properly seeks to remove this action to this Court.

7. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the 17th Judicial Circuit, in and for Broward

---

[1] Although service on Defendants was originally attempted on July 21, 2021, Defendant reserves the right to raise the insufficiency of service and, by filing this removal, do not waive and expressly preserve any objection they may have to the method of service of process.

County, Florida, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## II.     THIS ACTION IS WITHIN THIS COURT'S JURISDICTION

8.     This action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted federal claims under the FLSA in Counts I and III.  *See Valdivieso v. Atlas Air, Inc.*, 128 F. Supp. 2d 1371, 1374 (S.D. Fla. 2001) (denying motion to remand and permitting the removal of an FLSA action because it was within the Court's federal question jurisdiction).

9.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims contained in Counts II, IV, and V of the Complaint because those claims arise out of a common nucleus of operative facts in relation to the federal law claims contained in Counts I and III of the Complaint and are so related that they form part of the same case or controversy.

10.     Based on the allegations set forth in the Complaint, all of Plaintiff's claims arise from a common nucleus of facts concerning her alleged employment, her entitlement to certain payments, and the termination of her alleged employment. Specifically, in Counts I through III, Plaintiff alleges that "[d]uring the last week of Plaintiff's employment, Ms. Roman-Ramirez worked for sixty-two and a half hours as a cleaner" and seeks payment for those hours allegedly worked. *Id.* at ¶¶ 16, 27. In Count IV, Plaintiff alleges that she was not paid for the last week she worked, in violation of an alleged oral contract. *Id.* at ¶ 48. In Count V, Plaintiff alleges that during her last week of employment, which she alleges was "on or about February 10, 2020," she was terminated allegedly because of her sex/pregnancy and seeks back wages and front wages, among other things, arising from her alleged termination. *See* Compl. at ¶ 60.

11.     As a result, Plaintiff's federal and state law claims involve the same witnesses and presentation of the same evidence, where Plaintiff alleges Mr. Xydis was the decisionmaker and the one who violated the FLSA, FMWA, and FCRA. *See* Compl., at ¶¶ 22, 33, 43, 61.

12.     Plaintiff's federal and state law claims also include the determination of the same or similar issues of fact. For instance, each Count of the Complaint raises a question of fact as to (1) whether Plaintiff was Defendant's employee, and (2) the date on which Plaintiff last worked. Specifically, Counts I, II, III and IV raise the question of which days and hours Plaintiff worked because Plaintiff contends that she should be paid for days and hours beyond those that Defendant contends she worked. *See* Compl. at ¶¶ 16, 27, 37, 48. Count V similarly relates to the amount of days and hours Plaintiff worked and when she stopped working because she claims back and front pay, the calculation of which depends on which days and hours she worked and the last day on which she worked. *See* Compl. at ¶ 62. Moreover, Counts I, II, III and V raise issues concerning whether Plaintiff was Defendant's employee.[2] Accordingly, Plaintiff's claims arise from a common nucleus of facts pertaining to when she worked and stopped performing that work and whether she was ABC's employees. *See Norris v. Lake Conway Landscaping of Orlando*, No. 614-cv-1512-Orl-37KR, 2014 WL 5472522, at *2 (M.D. Fla. Oct. 22, 2014) (denying motion to remand and finding the plaintiff's FLSA and state law claims arose from a common nucleus of facts where they related to his employment, entitlement to certain wages, and termination). Given these common issues, if the federal and state law claims were tried in different courts there would be a risk of inconsistent factual findings.

---

[2] Plaintiff alleges in each of those Counts that she was misclassified as an independent contractor. *See* Compl., ¶¶ 22, 33, 43 and 52.

13. Based on the foregoing, Plaintiff's state law claims are so related to the FLSA claims within this Court's original jurisdiction that they form part of the same case or controversy. *See Poleon v. Estes Express Lines*, No. 6:14-cv-2034-Orl-40TBS, 2015 WL 12916328, at *2 (M.D. Fla. Jan. 30, 2015) (concluding that plaintiff's FLSA and breach of oral contract claims were so related when the "[p]laintiff's FLSA and state law claims will involve many, if not all, of the same witnesses, presentation of the same evidence, and determination of the same or similar facts by the trier of fact").

14. Finally, Plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the FLSA claims. *See* 28 U.S.C. § 1367(c); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743-46 (11th Cir. 2006) (holding that district court abused its discretion when it dismissed supplemental jurisdiction claim absent a persuasive showing under § 1367(c)).

15. For all of those reasons, convenience, fairness, and judicial economy would be disserved if the parties were required to litigate Plaintiff's claims before two different courts. *See Holtzman v. B/E Aerospace, Inc.*, No. 07–80551–CIV, 2007 WL 3379763, at *4 (S.D. Fla. No. 14, 2007) (finding request to remand only some of the claims would "be wasteful of judicial resources, especially given the high likelihood that the Plaintiff will present the same evidence to prove its case in both proceedings.").

16. Accordingly, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441.

WHEREFORE, Defendants, ABC INTERNATIONAL CLEANING SERVICES INC. and PANAGIOTI A/K/A PETER XYDIS, hereby remove this case from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court

for the Southern District of Florida, and respectfully request that the Court exercise jurisdiction over this matter and proceed with resolution of this case as if it had been originally filed herein.

DATED this 20th day of August 2021.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida  33131
Tel:  (305) 400-7500
Fax: (305) 603-2552

By**:** */s/ Stefanie M. Mederos*
Stefanie M. Mederos, Esq.
Florida Bar No.: 12041
E-mail:  smederos@littler.com
Secondary: ccano@littler.com
Alan Persaud, Esq.
Florida Bar No.: 1009883
E-mail: apersaud@littler.com
Secondary: btapia@littler.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of August 2021, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

*/s/ Stefanie M. Mederos*
Stefanie M. Mederos, Esq.

## SERVICE LIST

Anthony V. Falzon, Esq.
Florida Bar No.: 69167

ANTHONY V. FALZON, P.A.
12000 Biscayne Boulevard, Suite 100
Miami, FL 33181
Tel: (786) 703-4181
Fax: (786) 703-2961
E-Mail: tony@anthonyfalzon-law.com
*Counsel for Plaintiff*
*Served via CM/ECF and E-mail*