# COMPOSITE EXHIBIT A

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO.: *CACE 21-014176*

YALEISY ROMAN RAMIREZ,

        Plaintiff,

vs.

ABC INTERNATIONAL CLEANING SERVICES INC.,
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

        Defendants,

_____/

## COMPLAINT

The Plaintiff, Yaleisy Roman Ramirez (hereinafter "Ms. Roman-Ramirez" or "the Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against ABC International Cleaning Services Inc. (hereinafter "ABC International" or the "Corporate Defendant") and Panagioti A/K/A Peter Xydis (hereinafter "Mr. Xydis" or "the Individual Defendant")(collectively "the Defendants") and states as follows:

1

## NATURE OF THE CLAIMS, JURISDICTION AND VENUE

1.      This is an action for damages in excess of thirty thousand dollars ($30,000.00) as well as for injunctive declaratory and equitable relief.

2.      The Plaintiff, Ms. Roman-Ramirez, a former employee of the Defendants, asserts claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. 448.110(3) for unpaid minimum wages and unpaid overtime against the Defendants as well as claiming unpaid wages under Fla. Stat. 448.08.

3.      In addition, the Plaintiff, a former employee of the Corporate Defendant, asserts claims for Sex Discrimination/Pregnancy Discrimination under the Florida Civil Rights Act ("FCRA") Fla. Stat. 760.01 et seq against the Corporate Defendant.

4.      Venue is proper in Broward County, Florida in that the Corporate Defendant transacted business in Broward County, Florida.

5.      Furthermore Ms. Roman-Ramirez's employment records were administered in Broward County, Florida and the violations of the FLSA, the FMWA and the FCRA occurred in Broward County, Florida.

2

## THE PARTIES

6.     Ms. Roman-Ramirez is and at all times material hereto was a resident of Broward County, Florida and was continuously employed as a cleaner by ABC International from on or about May 25, 2018 to on or about February 10, 2020.

7.     ABC International, is a for-profit corporation organized and existing under the laws of the State of Florida and was at all times material hereto doing business in Broward County, Florida with its principal office located at 18459 Pines Blvd., Pembroke Pines, Florida 33029. Mr. Xydis was listed as the Registered Agent of ABC International.

8.     On its website www.abcbestcleaning.com, ABC International claims to be "South Florida's premier commercial cleaning, janitorial cleaning and office cleaning company. With over 40 years' experience in the field, we have the extensive knowledge, state-of-the-art equipment, and highly trained personnel to handle virtually any janitorial situation." In fact ABC claims to provide cleaning services to condominiums, offices, hospitals, schools, universities and cruise ships, among others. Its website contains testimonials from Aventura Hospital and Arcadia Properties.

9.     Non-party International Facilities Management LLC ("International Facilities"), was a for profit corporation organized and existing under the laws of the

3

State of Florida, and between 2011 through to date continued to be listed as the "President" of ABC International even although it was administratively dissolved for failure to file an annual report on September 22, 2017. Throughout this period of time Mr. Xydis was listed as President of and Registered Agent for International Facilities which also listed its principal place of business as 18459 Pines Blvd., Pembroke Pines, Florida 33029. .

10.     Mr. Xydis is President of International Facilities which in turn is the listed with the Florida Division of Corporation as being the "President of ABC International". He is also listed as the Registered Agent of both ABC International and International Facilities.

11.     In addition, International Facilities is listed as the "Manager" of CFOLD Janitorial Services Inc. ("CFOLD"); Super Express Staffing LLC ("Super Express"); ABC International Janitorial Inc. ("ABC Janitorial"); ABC Sanitizing Inc., ("ABC Sanitizing") and ABC Restoration Inc. ("ABC Restoration") while Mr. Xydis is listed as the Registered Agent for CFOLD, Super Express, ABC Janitorial, ABC Sanitizing and ABC Restoration. All of these corporations list their principal place of business as 18459 Pines Blvd, Pembroke Pines, Florida 33029.

12.     Mr. Xydis is also listed as the sole officer and Treasurer of ABC Best Cleaning Inc. ("ABC Best") and the President of ABC Carpet Cleaning Inc. ("ABC

Carpet"). These two corporations also list their principal place of business as 18459 Pines Blvd, Pembroke Pines, Florida 33029.

13.     Upon information and belief, Mr. Xydis is, and at all relevant times was over eighteen years of age, competent, not in military service, *sui juris,* and a resident of Florida.

## COUNT ONE - FLSA MINIMUM WAGE VIOLATIONS AGAINST DEFENDANTS JOINTLY AND SEVERALLY

14.     The allegations made in the preceding paragraphs 1 through 13 above are re-alleged and incorporated herein by reference.

15.     29 U.S.C. 206(a)(1)( c) provides that an employer must pay a minimum wage of $7.25 per hour.

16.     During the last week of Plaintiff's employment, Ms. Roman-Ramirez worked for sixty-two and a half hours as a cleaner.

17.     During this period, Ms. Roman-Ramirez was not compensated for her services and was paid zero ($0.00) dollars which did not meet the applicable minimum wage of $7.25 per hour mandated by the FLSA.  Therefore Ms. Roman Ramirez claims the sum of four hundred and fifty-three dollars and thirteen cents ($453.13) which remain owing to her.

18.     During this period, ABC International regularly employed two or more

employees for the relevant time period who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making ABC International an enterprise covered under the FLSA and was Ms. Roman-Ramirez's employer within the definition contained in 29 U.S.C. §203.

19.     Upon information and belief, ABC International had gross sales or business done in excess of five hundred thousand dollars annually for the years 2017, 2018, 2019 and 2020.

20.     At all times relevant to this action, Mr. Xydis, both possessed and exercised the power and authority to direct, control and supervise the work performed by Ms. Roman-Ramirez.

21.     At all times relevant to this action, Mr. Xydis was involved in the day to day operations of ABC International and controlled the "purse strings" of the corporation.  In addition, he had the power to hire and fire Ms. Roman-Ramirez, supervised and controlled Ms. Roman-Ramirez's work schedule and/or conditions of employment; determined the rate and method of Ms. Roman-Ramirez's payment and maintained Ms. Roman-Ramirez's employment records.

22.     Mr. Xydis also made the decision to misclassify Ms. Roman-Ramirez as an independent contractor rather than a employee.

23.     Mr. Xydis was an "employer" of Ms. Roman-Ramirez within the

meaning of 29 U.S.C. §203(d).

WHEREFORE, Plaintiff requests all amounts owed to her in unpaid minimum wages ($453.13), a mandatory award of liquidated damages ($453.13) and reasonable attorney's fees from the Defendants, jointly and severally, pursuant to the FLSA together with costs, interest and any other relief that this Court finds reasonable under the circumstances.

## COUNT TWO - FLORIDA MINIMUM WAGE[1] VIOLATIONS AGAINST DEFENDANTS JOINTLY AND SEVERALLY

24.     The allegations made in the preceding paragraphs 1 through 13 above are re-alleged and incorporated herein by reference.

25.     Fla. Stat. 448.110(3) and its implementing regulations state that employers shall pay employees a minimum wage of $8.56 per hour beginning January 1, 2020.

26.     All statutory conditions precedent pursuant to Fla. Stat. 448.110(6)(a) and (b) have been met by Ms. Roman-Ramirez in that on or about March 30, 2020 undersigned counsel sent a letter via U.S. Certified Mail to Mr. Xydis notifying Mr. Xydis that the Defendants violated Fla. Stat. 448.110 when they failed to pay Ms.

---

[1]

To the extent Plaintiff's claim for the Florida Minimum Wage Act overlaps Plaintiff's claim for the Federal Minimum Wage, Plaintiff is claiming the higher of the two applicable rates.

Roman-Ramirez a minimum wage under Florida Law and alerting him to the fact that the Ms. Roman-Ramirez intended to file suit if the Defendants did not pay her the difference between the amount owed to her under the FMWA and the amount actually paid to her during the course of her employment. Mr. Xydis's legal representatives responded on

27.     During the last week of Plaintiff's employment, Ms. Roman-Ramirez worked for sixty-two and a half hours as a cleaner

28.     During this period, Ms. Roman-Ramirez was not compensated for her services and was paid zero ($0.00) dollars which did not meet the applicable minimum wage of $8.56 per hour mandated by Fla. Stat. 448.110. Therefore Ms. Roman Ramirez claims the sum of five hundred and thirty-five dollars ($535.00) which remain owing to her.

29.     During this period, ABC International regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making ABC International an enterprise covered under the FMWA and was Ms. Roman-Ramirez's employer within the definition contained in the FMWA.

30.     Upon information and belief, ABC International had gross sales or business done in excess of five hundred thousand dollars annually for the years 2017,

2018, 2019 and 2020.

31.    At all times relevant to this action, Mr. Xydis, both possessed and exercised the power and authority to direct, control and supervise the work performed by Ms. Roman-Ramirez.

32.    At all times relevant to this action, Mr. Xydis was involved in the day to day operations of ABC International and controlled the "purse strings" of the corporation.  In addition, he had the power to hire and fire Ms. Roman-Ramirez, supervised and controlled Ms. Roman-Ramirez's work schedule and/or conditions of employment; determined the rate and method of Ms. Roman-Ramirez's payment and maintained Ms. Roman-Ramirez's employment records.

33.    Mr. Xydis also made the decision to misclassify Ms. Roman-Ramirez as an independent contractor rather than a employee.

34.    Mr. Xydis was an "employer" of Ms. Roman-Ramirez within the meaning of the FMWA.

WHEREFORE, Plaintiff requests all amounts owed to her in unpaid minimum wages ($535.00), a mandatory award of liquidated damages ($535.00) and reasonable attorney's fees from the Defendants, jointly and severally, pursuant to the FMWA together with costs, interest and any other relief that this Court finds reasonable under the circumstances.

## COUNT THREE - FEDERAL OVERTIME WAGE VIOLATION AGAINST DEFENDANTS JOINTLY AND SEVERALLY.

35.     The allegations made in the preceding paragraphs 1 through 13 above are re-alleged and incorporated herein by reference.

36.     29 U.S.C. §207(a)(1) requires an employer to pay an employee overtime at a rate of not less than one and a half times the employee's regular hourly rate for each hour that the employee works over forty hours in a workweek.

37.     During the period of on or about May 15, 2019 through on or about February 10, 2020, which is a period of 49 weeks, Ms. Roman-Ramirez worked 20 hours of overtime per week as a cleaner.

38.     During this period, Ms. Roman-Ramirez was paid $9.00 an hour to work eight hours a day from 8:30 a.m. to 5 p.m. Monday to Friday and an additional $475.00 every two weeks to work a second shift from 7 p.m. to 11 p.m. Monday to Friday. This worked out at a total of five hundred and ninety-seven dollars and fifty cents ($597.50) per week or an effective hourly rate of $9.96 per hour. During this period she was not paid at time and a half when she worked over forty hours per week and is owed $99.58 per week ($4.98 x 20) amounting to a total of $4,879.42 for the 49 week period.

39.     During this period, ABC International regularly employed two or more

employees for the relevant time period who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making ABC International an enterprise covered under the FLSA and was Ms. Roman-Ramirez's employer within the definition contained in the FLSA.

40.   Upon information and belief, ABC International had gross sales or business done in excess of five hundred thousand dollars annually for the years 2017, 2018, 2019 and 2020.

41.   At all times relevant to this action, Mr. Xydis, both possessed and exercised the power and authority to direct, control and supervise the work performed by Ms. Roman-Ramirez.

42.   At all times relevant to this action, Mr. Xydis was involved in the day to day operations of ABC International and controlled the "purse strings" of the corporation.  In addition, he had the power to hire and fire Ms. Roman-Ramirez, supervised and controlled Ms. Roman-Ramirez's work schedule and/or conditions of employment; determined the rate and method of Ms. Roman-Ramirez's payment and maintained Ms. Roman-Ramirez's employment records.

43.   Mr. Xydis also made the decision to misclassify Ms. Roman-Ramirez as an independent contractor rather than a employee.

44.   Mr. Xydis was an "employer" of Ms. Roman-Ramirez within the

11

meaning of the FLSA.

WHEREFORE, Plaintiff requests all amounts owed to her in unpaid overtime wages ($4,879.42), a mandatory award of liquidated damages ($4879.42) and reasonable attorney's fees from the Defendants, jointly and severally, pursuant to the FLSA together with costs, interest and any other relief that this Court finds reasonable under the circumstances.

## COUNT FOUR - BREACH OF ORAL CONTRACT FOR THE PAYMENT OF WAGES AGAINST ABC INTERNATIONAL

45.     The allegations made in the preceding paragraphs 1 through 13 above are re-alleged and incorporated herein by reference.

46.     The Defendant ABC International agreed to pay Ms. Roman-Ramirez $9.00 an hour to work from 8:30 a.m. to 5 p.m. Monday through Friday cleaning the Pines Ford Dealership located at 8655 Pines Boulevard, Pembroke Pines, Florida 33024.

47.     In addition ABC International agreed to pay Ms. Roman-Ramirez $475.00 every two weeks to clean the same dealership from 7 p.m. to 11 p.m. Monday through Friday.

48.     ABC International failed to make any payments to Ms. Roman-Ramirez during the week ending on or about February 10, 2020.

49.    ABC International owes Ms. Roman-Ramirez a total of $597.50 in unpaid wages.

WHEREFORE, Plaintiff requests all amounts owed to her in unpaid wages ($597.50), reasonable attorney's fees from Defendant ABC International pursuant to Fla. Stat. 448.08 together with costs, interest and any other relief that this Court finds reasonable under the circumstances.

## COUNT FIVE - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT FOR SEX DISCRIMINATION/PREGNANCY DISCRIMINATION AGAINST ABC INTERNATIONAL

50.    The allegations made in the preceding paragraphs 1 through 13 above are re-alleged and incorporated herein by reference.

51.    This is an action against ABC International for discrimination on the basis of her sex/pregnancy in that ABC International discriminated against Ms. Roman-Ramirez with respect to the compensation, terms, conditions and privileges of employment based on her sex/pregnancy when it discharged her from her employment on or about February 10, 2020.

52.    ABC International had and has over fifteen employees although it only officially reports five of its staff as employees while misclassifying the remaining staff, including Ms. Roman-Ramirez, as independent contractors.

53.    In addition it acts as a joint employer and/or is integrated with other

13

corporate entities such as the entities listed in paragraphs 9 to 12 above which are all commonly owned and managed and engage in related activities and are linked by a common business purpose while holding themselves out to the general public as being one company.

54.     Ms. Roman-Ramirez was originally hired by ABC Cleaning on or about May 25, 2018 and was assigned to clean the offices of Eye Surgeons and Consultants at 4651 Sheridan Street, Suite 100, Hollywood, FL 33021 working Monday to Friday from 1 p.m. to 5 p.m.

55.     On August 27, 2018 Ms. Roman-Ramirez was assigned a second daily shift cleaning the offices of United Collection Bureau at 9078 West State Road 84, Davie, FL 33324 working Monday to Friday from 8 p.m. to 12 a.m.  This second assignment lasted through January 31, 2019.

56.     On May 15, 2019 Ms. Roman-Ramirez was transferred from the offices of Eye Surgeons and Consultants to the Pines Ford Dealership located at 8655 Pines Boulevard, Pembroke Pines, FL 33024 where she worked two shifts Monday through Friday from 8:30 a.m. to 5 p.m. and then from 7 p.m. to 11 p.m.

57.     On November 5, 2019 Ms. Roman-Ramirez informed her direct supervisor Ms. Maria Lopez that she was eight weeks pregnant.

58.     On or about January 27, 2020, Defendant Mr. Xydis approached Ms.

14

Roman-Ramirez and informed her that he did not think that she would be able to continue working much longer because of her pregnancy. Ms. Roman-Ramirez informed Mr. Xydis that she needed to continue working and was fully capable of continuing to work until she gave birth and then resume working afterwards.

59.    On or about February 3, 2020 Mr. Xydis asked Ms. Roman-Ramirez to begin training a new hire who was not pregnant so as to familiarize this new hire with Ms. Roman-Ramirez's cleaning duties at the Pines Ford Dealership.

60.    On or about February 10, 2020 Mr. Xydis showed up at the Pines Ford Dealership in person and informed Ms. Roman-Ramirez that she could not continue to work because she was pregnant and informed her that she would be terminated at the end of her day shift. When Ms. Roman-Ramirez asked Mr. Xydis whether he wanted her to work the night shift that day, Mr. Xydis responded that he had already engaged a person to take over her duties starting on the night shift that day.

61.    In essence, the actions of Mr. Xydis in discharging Ms. Roman-Ramirez from her employment were of a sex/pregnancy constituted intentional discrimination in violation of the Florida Civil Rights Act of 1992.

62.    As a direct and proximate result of ABC Cleaning's conduct described above Ms. Roman-Ramirez has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, bodily injury, mental anguish, loss of

15

enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing.

63.     On or about February 18, 2020 Ms. Roman-Ramirez filed a Charge of Discrimination with the United States Equal Opportunity Commission (EEOC) which was dual filed with the Florida Commission on Human Relations (FCHR). The EEOC issued a right to sue letter on September 30, 2020.

WHEREFORE, Ms. Roman-Ramirez prays for the entry of judgment in her favor and against ABC Cleaning for back pay and benefits, front pay and benefits, economic and non-economic compensatory damages, punitive damages and attorneys fees and costs as provided by Fla. Stat. 760.01 et seq.

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Roman-Ramirez, respectfully requests trial by jury on all issues so triable.

Date: July 13, 2021.        Respectfully Submitted,

*/s/ Anthony V. Falzon*
Anthony V. Falzon, Esquire
Florida Bar No. 69167
Email: tony@anthonyfalzon-law.com
ANTHONY V. FALZON P.A.
12000 Biscayne Boulevard, Suite 100
Miami, FL 33181
Telephone: (786) 703 4181
Facsimilie: (786) 703 2961

*Attorney for Plaintiff*

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Yaleisy Roman-Ramirez</u>
Plaintiff

Case # _____

Judge _____

vs.
<u>ABC Best Cleaning Inc., Panagiotis Xydis</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>5</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Anthony Vincent Falzon</u>     Fla. Bar # <u>69167</u>
       Attorney or party                 (Bar # if attorney)

<u>Anthony Vincent Falzon</u>          <u>07/13/2021</u>
  (type or print name)         Date

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO.: CACE 21-014176

YALEISY ROMAN RAMIREZ,

     Plaintiff

vs.

ABC INTERNATIONAL CLEANING SERVICES, INC.,
A Florida for Profit Corporation; and PANAGIOTI
A/K/A PETER XYDIS, an Individual,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

     Plaintiff by and through the undersigned counsel, serves her First request for Admission to

each Defendant, and request the Defendant to admit or deny the truth of the following, pursuant to

the Florida Rules of Civil Procedure.

     The terms "Defendant", "Defendants", and "you", herein shall include Defendants ABC

INTERNATIONAL CLEANING SERVICES, INC., and PETER XYDIS, both individually and

collectively, and the term "Plaintiff" herein shall include YALEISY ROMAN RAMIREZ. The term

"Corporate Defendant" includes PETER XYDIS. The term "Complaint" as used herein refers to

Plaintiff's Complaint.

     1.    Admit that Plaintiff worked the hours per week alleged in the complaint with you
          during her employment period with you as stated in the Complaint.

2.  Admit that you paid Plaintiff the hourly rates alleged in the Complaint since Plaintiff began employment with you until her termination from employment as stated in the Complaint.

3.  Admit that you never paid overtime wages during Plaintiff's entire employment period with you for the time period as stated in the Complaint. If denied, please explain.

4.  Admit that you do not pay overtime wages to some, if not all, of your employees and that such has been a business practice of yours since at least 2018. If denied, please explain.

5.  Admit that you intentionally never paid Plaintiff overtime wages during Plaintiff's entire employment period with you as stated in the Complaint. If denied, please explain.

6.  Admit that you documented the Plaintiff to have worked far fewer hours than in reality the Plaintiff worked for you.

7.  Admit that you maintain no written record of the time your employees work for you, per shift, i. e., time sheets or punch cards that reflect the hours that Plaintiff worked for the Defendants.

8.  Admit that the Fair Labor Standards Act applies in this matter.

9.  Admit that the Fair Labor Standards Act applies to the Plaintiff's work while she worked for you.

10. Admit that the Corporate Defendant grossed $500,000.00 or more in gross sales/gross revenue in 2018, 2019 and 2020. If denied, specify which year(s).

11. Admit that each Defendant for whom the Plaintiff worked during the relevant period was involved in interstate commerce, which involved states or countries outside of the State of Florida in 2018, 2019 and 2020. If denied for any year(s) specify which year(s).

12. Admit that at least two (2) of Defendants' employees on a regular and recurrent basis, during 2018, 2019, and 2020 handled or otherwise worked with materials, goods, or products that were manufactured outside the State of Florida. If denied for any year(s) specify which year(s).

13. Admit that Defendant PETER XYDIS is a Corporate Officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the

2

Corporate Defendant for the relevant time period and was responsible for paying Plaintiff her wages for the relevant time period and controlled Plaintiff's work and schedule.

14.   Admit that Plaintiff was an employee under the FLSA during the time period alleged in the Complaint.

15.   Admit that Plaintiff was a non-exempt employee during the time period alleged in the operative Complaint.

16.   Admit that Defendants did not consult with the Department of Labor to verify that Defendants pay practices are in accordance with the FLSA.

Wherefore, Plaintiff serves her First Request for Admissions on Defendants pursuant to the Florida Rules of civil Procedure.

Respectfully Submitted:

ANTHONY V. FALZON P.A.
Attorneys for Plaintiff
12000 Biscayne Boulevard, Suite 100
Miami, Florida 33181
Tel. (786) 703 4181
Fax (786) 703 2961
Email: tony@anthonyfalzon-law.com

By:   s/ *Anthony V. Falzon*
       ANTHONY V. FALZON
       Florida Bar No. 69167

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served with the Complaint.

/s/Anthony V. Falzon
ANTHONY V. FALZON, ESQ.

4

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: CACE 21-014176

YALEISY ROMAN RAMIREZ,

      Plaintiff,

vs.

ABC INTERNATIONAL CLEANING SERVICES INC.,
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

      Defendants,

_____/

### PLAINTIFF YALEISY ROMAN-RAMIREZ'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Fla. R. Civ. P. 1.340, Plaintiff Yaleisy Roman-Ramirez (hereinafter "Ms. Roman-Ramirez" or "Plaintiff") requests that ABC INTERNATIONAL CLEANING SERVICES INC., a Florida for profit corporation (hereinafter "ABC International" or "Corporate Defendant") answer the following interrogatories fully, separately, and under oath in accordance with the Definitions and Instructions set forth below within the time specified in the applicable rules.

Respectfully Submitted,

*/s/ Anthony V. Falzon*
Anthony V. Falzon: FBN 69167
Anthony V. Falzon P.A.
Attorneys for Plaintiff
12000 Biscayne Boulevard, Suite 100
Miami, FL 33181
Tel:      (786) 703-4181
Fax:      (786) 703-2961
Email:    tony@anthonyfalzon-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served with the

Complaint.

*/s/ Anthony V. Falzon*
Anthony V. Falzon: FBM69167

## DEFINITIONS

For purposes of these Interrogatories, the terms used herein shall have the following meanings:

    A.    "Document" and "documents" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, electronic, computer or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody, or control of the attorney for Defendants.   Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical control thereof.

    B.    As used herein the term "Defendant" or "Defendants" is inclusive and shall include ABC INTERNATIONAL, and its respective current and former officers, directors, partners, employees, servants, agents, attorneys and shareholders, if any, of the referenced person(s) or entity and should be deemed to reflect gender and number as the text of the Interrogatory may require.

    C.    "Plaintiff" shall mean the plaintiff named in this lawsuit.

    D.    "You" and "your" shall mean the party to whom these Interrogatories are directed, as well as all other persons acting or purporting to act in its behalf, including any current or former employee, agent, attorney or other representative.

    E.    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context so that these Interrogatories are construed in the broadest possible sense in keeping with the copy of the Florida Rules of Civil Procedure.

F.    "Person" shall mean any individual, partnership, association, corporation, joint venture, firm, proprietorship, agency, board, authority, commission or other legal or business entity.

G.    To "identify" an individual means to state that individual's:

1.    Name;

2.    current or last known telephone numbers at business and home; and

3.    current or last know business or home addresses.

H.    To "identify" a person (as defined herein) other than an individual means to state:

1.    its full name;

2.    the nature of its organization;

3.    the address and telephone number of its principle offices, and if applicable, the state in which it is incorporated; and

4.    its principle line of business or activity.

I.    To "identify" an act, event, occurrence or communication means:

1.    to state its date (See Instructions for these Interrogatories);

2.    to identify the persons that were parties to and witnesses of the act, event. occurrence or communication;

3.    to describe where and how it took place; and

---

      4.    to identify any document that constitutes or refers to such act, event, occurrence or communication.

J.    To "identify" a file means:

      1.    to state the title contained thereon; and

      2.    to identify the person for whom the file is maintained.

K.    To "identify" a statement means:

      1.    to identify who made it;

      2.    to identify who took or recorded it;

      3.    to identify all persons, if any, present during the making thereof;

      4.    to state when, where and how it was taken or recorded; and

      5.    to identify who has current or last known possession, custody or control thereof.

L.    To "identify" a document means:

      1.    To identify all files in which it and all copies are found;

      2.    to identify the author;

      3.    to identify its addresses, if any;

      4.    to identify those who received a copy thereof;
      5.    to identify its current custodian or the person that had last known possession, custody or control thereof;

      7.    to state the date of its preparation; and

8.    to state the general subject matter giving a reasonably detailed description thereof.

M.    To "identify" any other tangible things means:

1.    to identify what it is, giving a reasonably detailed description thereof;

2.    to state when, where and how it was made, if applicable;

3.    to identify who made it, if applicable; and

4.    to identify its current custodian or the person that had last known possession, custody or control thereof.

N.    "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, electronic or computer transmission, or otherwise.

O.    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the user making it, any stenographic, mechanical, electrical or other recording or transcription thereof which is a substantially verbatim recital or an oral statement by the person making it and contemporaneously recorded.

P.    "Describe in detail" means to give a complete and full description concerning the matter about which inquiry is made, including the full name, address and telephone number of persons involved, if appropriate, along with dates, times, places, amounts and other particulars which make the answer to the Interrogatory fair and meaningful.

## INSTRUCTIONS

A.    For purposes of interpreting or construing the scope of any Interrogatory made herein the terms used shall be given their most expansive and inclusive interpretations unless otherwise specifically limited in the Interrogatory itself. This includes, without limitation, the following:

  (1)    Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the Request more inclusive; and

  (2)    Construing the singular form of the word to include the plural and the plural form of the word to include the singular.

B.    When answering any Interrogatory and/or describing or identifying any matter, provide any dates and times of any occurrence, event or communication, or any dates and times that are related to the information as requested. If an exact date is not known, provide any other information that is known to identify the date or approximate date, including references to any other event, occurrence or communication and the chronology, dates or approximate dates of such event, occurrence or communication.

C.    You shall answer the Interrogatories separately and fully under oath.

D.    These Interrogatories shall be signed by the person to whom they are directed, or if a party is other than an individual, then the answers of said party shall be signed under oath by an officer or agent of the same with the authority to do so.

E.    You and your attorney are under a duty to supplement your answers to these Interrogatories by amending your answers if you or your attorney obtains information upon the basis of which:

  (1)    you or your attorney knows that the answer though incorrect or incomplete when made; or

  (2)    you or your attorney knows that the answer though correct and complete when made is no longer true and complete and the

circumstances are such that failure to amend the answer is in substance misleading.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories.  If more than one person provided the answers or contributed such information, identify the specific Interrogatories answered by each person and the information provided.

**ANSWER:**

**INTERROGATRY NO. 2:**  If you have ever talked to the Plaintiff or Plaintiff's co-workers, former co-workers, agents, servants, employees, friends, partners, or anyone who has or who may have knowledge of Plaintiff regarding Plaintiff's claims in this lawsuit or have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Plaintiff or anyone acting on Plaintiff's behalf regarding Plaintiff's claims or any other fact that might be relevant to this lawsuit, describe in detail such statement and/or admission and identify who made the statement or admission, to whom it was made, and the date it was made.

**ANSWER:**

**INTERROGATORY NO. 3:** Describe in detail all facts, proof or evidence which, in whole or in part, form the basis of any defense or affirmative defenses pled in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify each individual who participated in any manner in the decision to terminate Plaintiff's employment and/or who provided information relating to the decision to terminate Plaintiff's employment and describe in detail the role of that person in the decision to terminate Plaintiff's decision and/or the information provided by each individual.

**ANSWER:**

**INTERROGATORY NO. 5:** Please identify and describe in detail Plaintiff's work history with Defendants, including:

a.  Dates of hire and separation (if applicable);

b.  Plaintiff's compensation during his employment, including all changes in salary, any overtime paid, any bonuses, commissions or benefits and the reasons for such changes;

c.  job titles and dates employed in each position and a description of job duties for each position of employment held by Plaintiff;

d.     the names of any and all Plaintiff's supervisors and the dates during which each individual served as Plaintiff's supervisor;

e.     describe Plaintiff's attendance record, performance and productivity in his assigned duties, describe the frequency and procedures for evaluating Plaintiff's job performance; and

g.     if Plaintiff was ever disciplined during the course of his employment, describe the cause of such discipline and the disciplinary procedures followed and exact dates of those procedures.

**ANSWER:**

**INTERROGATORY NO. 6:**  Identify and describe in detail any internal complaint or allegations made to or filed with Defendant by any current or former employee of Defendant from during the past five (5) years, alleging that Defendant engaged in discriminatory, retaliatory or illegal conduct.

**ANSWER:**

**INTERROGATORY NO. 7 :** Identify and describe, in detail, any external complaint or allegation made or filed against Defendant by any current or former employee of Defendant alleging that Defendant engaged in discriminatory, retaliatory or illegal conduct during the past five (5) years. This Interrogatory includes, but is not limited to, all complaints filed with the Broward County Human Rights Section, the Florida Commission on Human Relations and the U.S. Equal Employment Opportunity Commission as well as any lawsuits filed against Defendant ABC CLEANING in any court alleging unpaid wages, minimum wage and overtime violations, discriminatory or retaliatory conduct against Defendant or violations of any Whistleblower Act.

**ANSWER:**

**INTERROGATORY NO. 8:** Please state the name, address, date of birth, social security numbers, and telephone numbers of all of Defendants' employees and/or independent contractors and/or laborers, that had/have the same and/or similar job title and/or duties as the Plaintiff, from the years 2018, 2019 and 2020.

**ANSWER:**

**INTERROGATORY NO. 9:** List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

**INTERROGATORY NO. 10:** Please state the name, address, and phone number of the Defendants' accountant(s) for the time period stated in the Complaint as well as the name of the individual or individuals in charge of the Defendants' payroll during the time period of Plaintiff's employment with Defendants as stated in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 11:** State whether there are or were in existence any policies of insurance applying to the incident sued upon in the complaint at the time of the incident sued upon, and if so, please state the following:

    a.    The name and address of the insurer on each such policy.

    b.    The name and address of each named insured on each such policy.

c.    The relationship, if any, between each named insured on each such policy and any named Defendant in this cause.

d.    The policy number of each such policy.

e.    The name and address of any person, firm or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the complaint, and the relationship if any between such "additional insured" and any named Defendants in this cause.

f.    The limits of liability in such policy as might be applied to any one Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident.

g.    Whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make payment.

h.    Whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved.

i.    If the answer to subparagraph (h) is in the affirmative, describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice.  (NOTE: if such policy defense is withdrawn or waived, this subparagraph need not be answered).

j.    The exact name and address of the resident agent of each insurance company.

**INTERROGATORY NO. 12**:Please state the name, last known address, social security number, date of birth, and last known telephone number(s) of all of Defendant's employees and/or independent contractors during the time period Plaintiff worked for Defendants as stated in the Complaint.

**INTERROGATORY NO. 13**: Identify each workday (by stating the month, date, and year) during Plaintiff's employment with a Defendant, in which that Plaintiff did not perform work duties for Defendants for any part of the work day (including, but not limited to, for vacations, personal appointments, personal errands, physical fitness, religious observance, family activities) identify all documents that support, tend to support, refute, or tend to refute your response.

**INTERROGATORY NO. 14:** Please describe in detail any and all affirmative efforts taken by Defendants (prior to the filing of the instant lawsuit) to comply with the provisions of the FLSA. Please include the dates, times, location, and specific content of communications, whether oral or written.

**INTERROGATORY NO. 15.** Please provide a list of all individuals who were issued with a W-2 and/or a 1099 by ABC International for each of 2018, 2019 and 2020 providing (a) the name of each person (b) the address ( c) the last four digits of the person's social security number (d) the year in which said person received a W-2 and/or 1099 from ABC International; (e) the total amount paid to that person in W-2 wages and/or 1099 payments in each of 2018, 2019 and 2020 and (f) the types of goods or services provided by that person to ABC International.

**I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name:
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

**STATE OF FLORIDA**
**COUNTY OF** _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
[Print, type, or stamp commissioned name of notary or deputy clerk.]

____ Personally known
____ Produced identification
Type of identification produced _____

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO.: CACE 21-014176

YALEISY ROMAN RAMIREZ,

        Plaintiff,

vs.

ABC INTERNATIONAL CLEANING SERVICES INC.,
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

        Defendants,

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Pursuant to Fla. R. Civ. P. 1.350, Plaintiff Yaleisy Roman-Ramirez (hereinafter

"Ms. Roman-Ramirez" or "Plaintiff") requests that Defendant ABC

INTERNATIONAL CLEANING SERVICES INC. (hereinafter "ABC International"

or "Corporate Defendant") and Panagioti a/k/a Peter Xydis produce all documents,

electronically stored information, and things responsive to the following Requests,

in accordance with the Definitions and Instructions set forth below, at the offices of

Anthony V. Falzon P.A., 12000 Biscayne Boulevard, Suite 100, Miami, FL 33181

1

within the time specified in the applicable rules.

## DEFINITIONS

In these requests for production , the following definitions shall apply. Where a term or phrase is not specifically defined herein, it should be given its ordinary and typical meaning as used in the context of the Request for Production.

1.   The terms "Defendant(s)", "You" and "Yours" mean, without limitation, Defendant PANAGIOTI A/K/A PETER XYDIS and/or ABC INTERNATIONAL CLEANING SERVICES INC. and shall include each and every name by which ABC INTERNATIONAL is known or has been known and shall include ABC INTERNATIONAL'S employees, agents, attorneys, representatives, and all other persons or entities acting or purporting to act on its/their behalf.

2.   The terms "Ms. Roman-Ramirez" and "Ms. Roman-Ramirez's" means Plaintiff Yaleisy Roman-Ramirez and includes each and every name by which she is known or has been known and shall include her employees, agents, representatives, and all other persons or entities acting or purporting to act on her behalf.

3.   The term "Lawsuit" means the civil lawsuit styled *Yaleisy Roman-Ramirez v. ABC International Cleaning Services Inc. et al.,* which is currently pending in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

4.    The term "Complaint" means the Complaint filed by Plaintiff on July 13, 2021 in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida styled *Yaleisy Roman-Ramirez v. ABC International Cleaning Services Inc. et al.*

5.    The terms "Communication" and "Communications" mean any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, e-mails, interviews, meetings, consultations, agreements, and any other understandings between or among two or more people.

6.    The terms "Document", "Documents" and "Documentation" means every writing, recording, images of every type and description in the possession, custody or control of you or your agents, attorneys or representatives, including but not limited to, the original and all non-identical copies of any written, typed, printed, photocopied, photographic, machine-readable, magnetically or optically recorded matter of any kind, including but not limited to, letters, emails, envelopes, forms, web pages, websites, analysis, announcements, bills, films, photographs, proofs, prospectuses, reports, receipts, schedules, statements, surveys, statistics, books, checks of any kind, charts, drawings, affidavits, correspondence, publications, telegraphs, telecopies, facsimiles, paper communications, electronic

3

communications, signed statements, tabulations, charts, graphs, memoranda, licenses, manuals, maps, minutes, plans, permits, appointment books, records, financial statements, proposals, memoranda or other transcriptions by mechanical device, or by longhand or shorthand recording, tape recorded materials, materials recorded by any electronic means, native files, metadata, computer generated information, computer software, computer files, electronically stored information, computer disks, computer tapes, interoffice communications, all summaries of oral communications, telephonic or otherwise, microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions, ledgers, minutes, agreements, journals, diaries, contracts, invoices, balance sheets, telephone messages or other messages, magazines, pamphlets, articles, notices, newspapers, studies, summaries, worksheets, telexes, cables, and all other graphic materials, writings and instruments, however produced or reproduced.  The term "Document" includes both the "Document" itself and anything appended thereto.  The term "Document" and "Documents" shall be construed in the broadest sense possible to include all recorded information within the scope of Fla. R. Civ. P.1.350, regardless of the medium of recording.  The foregoing examples are not meant to be exhaustive.

7.    The term "Person" means any individual, natural person, partnership, firm, bank, association, organization, corporation, business trust, governmental or

public entity, or its employees, agents, representatives, and all other persons or entities acting or purporting to act on its behalf.

8.     The term "relates to" or "relating to" means referring to, concerning, responding to, containing, regarding, discussing, documenting, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

9.     The terms (a) "and" as well as "or"; (b) "each" and "every"; and ( c) "any" and "all" shall be construed interchangeably so as to bring within the scope of these requests any Document or thing that might otherwise be construed to be outside the scope of these requests.

10.     The use of the singular form of any word includes the plural, the use of the plural includes the singular; and masculine, feminine and neutral shall include each of the other genders so as to bring within the scope of these requests any Document or thing that might otherwise be construed to be outside the scope of these requests.

5

## INSTRUCTIONS

1.      These requests for production are intended to cover all Documents and things in the possession, custody, or control of Defendant(s) or any of its/their agents, representatives or attorneys, wherever those Documents or things might be located.

2.      Each request should be read so as not to include Documents or things subject to an evidentiary privilege or immunity from discovery. To the extent that a request calls for the production of Documents or things that you contend are subject to privilege or immunity from discovery, the written response to this request should so indicate and you are requested to produce the balance of the Documents or things not subject to a claim of privilege that fall within the scope of the request. The Documents or things you contend are subject to a privilege or immunity from discovery should be logged in accordance with any applicable Florida Rules of Procedure.

3.      If you cannot secure or produce all of the Documents and/or things responsive to a request, please (1) identify the Document(s) and/or thing(s) that is/are responsive to that request but which you cannot secure or produce; (2) specify why you are unable to secure or produce the Document(s) and/or thing(s); (3) identify the person who has possession, custody or control of the requested Document(s) and/or thing(s); and (4) produce all remaining Documents and/or things responsive to the

request.

4.     As to each Document or thing requested which you object to producing, please provide the following information:

a.     The basis for the objection.

b.     The date of the Document or thing.

c.     The title of the Document or ting (if any).

d.     The name of the person(s) authoring the Document or thing.

e.     The name of the person(s) to whom the Document or thing, and/or copies of the Document or thing, were given or transmitted;

f.     The present location and custodian of the Document or thing, and/or any copies thereof; and

g.     The general nature and subject matter dealt with in the Document with reasonable specificity.

5.     As to any request that is claimed to be overbroad or to seek irrelevant Documents please indicate whether any responsive Documents or subcategory of responsive Documents are conceded to be discoverable and identify the documents or subcategory of documents that will be produced as well as those that are being withheld.

6.     Pursuant to Fla. R. Civ. P. 350, all Documents must be produced as

7

they are kept in the usual course of business or must be organized and labeled to correspond to the categories of Documents requested below. For the production of electronically stored information ("ESI"), see the attached instructions regarding the Format for Production of ESI.

7.      These Requests are continuing in nature and if, after responding to these requests, you learn that your responses are incomplete or incorrect, you are to supplement or correct your response.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.**      All Documents relating to Plaintiff's employment with the Defendant(s), including without limitation, job descriptions, performance reviews, written warnings or discipline, and correspondence to or from his supervisors.

**REQUEST NO. 2.**      All Documents reflecting the terms of Plaintiff's employment with the Defendant(s), including but not limited to salary, bonus compensation and other forms of compensation, employee benefits, health and life insurance, and pension and retirement benefits.

**REQUEST NO. 3.**      All documents reflecting the compensation Plaintiff received in connection with her employment with the Defendant(s).

**REQUEST NO. 4.**  All Documents relating to time off (whether paid or unpaid) that Plaintiff requested or took while employed by Defendant(s) including FMLA leave, ADA leave and medical or sick leave.

**REQUEST NO. 5.**  All Documents that constitute or reference Communications between You and any other current or former employee of the Defendant(s) regarding the claims and allegations in the Complaint.

**REQUEST NO. 6.**  All recordings or transcripts that reflect conversations with or statements by any employees or representatives of the Defendant(s).

**REQUEST NO. 7.**  All Documents that constitute or reference any statement by, or interview or conversation with, any person (other than Your attorney in this Lawsuit) regarding the claims and allegations in the Complaint.

**REQUEST NO. 8.**  All Documents provided to You by any person contacted or interviewed by or on behalf of You in connection with this Lawsuit, including, without limitation, any written statements.

**REQUEST NO. 9.**  All Documents constituting, reflecting or referencing the content of any Communication between You and any other person or entity (except Your attorneys in this Lawsuit) concerning the allegations in the Complaint.

**REQUEST NO. 10.**    All Documents that contain any recorded recollection, whether by You or any other person, concerning Plaintiff's acts, or the alleged acts or omissions of Plaintiff, regarding the claims and allegations in the Complaint and the affirmative defenses raised in the Answer and Affirmative Defenses.

**REQUEST NO. 11.**    All Documents or notes created by You relating to the claims and allegations in the Complaint and the affirmative defenses raised in the Answer and Affirmative Defenses.

**REQUEST NO. 12.**    All journal, calendar, or dairy entries made by You relating to the claims and allegations in the Complaint and the affirmative defenses raised in the Answer and Affirmative Defenses.

**REQUEST NO. 13.**    All text messages sent or received by You relating to Plaintiff, this Lawsuit, or the claims and allegations in the Complaint and the Affirmative Defenses raised in the Answer and Affirmative Defenses, other than text messages to or from your attorney in this Lawsuit.

**REQUEST NO. 14.**    All Documents or Communications sent or received by You at any personal email account relating to Plaintiff, this Lawsuit, or the claims and allegations in the Complaint and/or the Affirmative Defenses raised in the Answer and Affirmative Defenses, other than Communications to or from your

10

attorney in this Lawsuit.

**REQUEST NO. 15.**     All postings You have made to any website (including but not limited to Facebook, mySpace, Twitter, Instagram, LinkedIn, Pinterest, Google Plus +, Tumblr, Flikr, Vine, or the like) relating to Plaintiff, this Lawsuit, or the claims and allegations in the Complaint.

**REQUEST NO. 16.**     All Documents or Communications received, obtained or taken from Plaintiff that You may use to support Your Answer and Affirmative Defenses in this Lawsuit.

**REQUEST NO. 17.**     All Documents supporting, rebutting or referencing the Plaintiff's claim for damages in this litigation.

**REQUEST NO. 18.**     All Documents referencing any damages the Plaintiff alleges that she sustained as the result of the conduct alleged in the Complaint.

**REQUEST NO. 19.**     All of the tangible things within the possession, custody or control of the Defendant herein upon which the claims and defenses herein are based, and specifically but not limited to writings, drawings, charts, photographs, movies, slides, film, video tape, phonograph records and other recording devices, instruments, equipment, real and personal property, objects, goods and/or vehicles or operations which are the subjects of the claims and defenses herein, so that same may

11

be inspected, copied, tested, measured, surveyed, and photographed.

**REQUEST NO. 20.**     Any and all Verbal and Written Warnings or other disciplinary action taken against any and all other employees during the five year (5) period through to the date of your response to this request.

**REQUEST NO. 21.**     All of Your document retention policies.

**REQUEST NO. 22.**     Personnel file of person(s) who replaced Plaintiff.

**REQUEST NO. 23.**     All internal communications discussing all disciplinary action given to Yaleisy Roman-Ramirez.

**REQUEST NO. 24.**     A copy of the Individual Defendant's federal tax returns for the years  2018, 2019 and 2020 including quarterly reports (filed with both the IRS and State of Florida).

**REQUEST NO. 25.**     A copy of the Corporate Defendant's federal tax returns for the years 2018, 2019 and 2020, including all quarterly reports (filed with both the IRS and State of Florida).

**REQUEST NO. 26.**     A copy of all documents used by Defendants or their accountant to prepare the Defendants' federal tax returns for the years 2018, 2019 and 2020, including, but not limited to, quarterly reports for those years (filed with both the IRS and State of Florida). This request includes, but is not limited to, a copy of Defendants' Form UCT-6, Form 941 Employer's Quarterly Federal Tax

12

Returns, Form 940, and RT6 Quarterly Reports, for the years 2018, 2019 and 2020.

**REQUEST NO. 27.**     All of the Defendants' bank records, including without limitation bank statements, cancelled checks, etc.,from any and all banks the Defendants have/had accounts with for the years 2018, 2019 and 2020.

**REQUEST NO. 28.**     A copy of all contracts or any other documents that establishes a relationship between Defendants and their customers for the years 2018, 2019 and 2020.

**REQUEST NO. 29.**     A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their customers for the years 2018, 2019 and 2020. This request includes any documents with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

**REQUEST NO. 30.**     The Defendants' Employee Handbook in effect at the time of Plaintiff's Employment.

**REQUEST NO. 31.**     Copies of all policies allegedly violated by the Plaintiff during her employment.

**REQUEST NO. 32.**     Copies of all disciplinary action taken against other employees for violations of the same policies as the Plaintiff during the five (5) year period prior to your response to this Request.

13

**REQUEST NO. 33.**     A copy of all of Plaintiff's sign in and sign out and punch in and punch out records for the period of her employment.

**REQUEST NO. 34.**     A copy of all receipts of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their customers for the years 2018, 2019 and 2020. This request also includes any receipts with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

**REQUEST NO. 35.**     All receipts for all payments made to the Plaintiff by Defendants during Plaintiff's entire employment term with Defendants. Including all cash payments, pay stubs and paychecks.

**REQUEST NO. 36.**     All time sheets/punch cards/work orders/time cards for all weeks worked by Plaintiff for  Defendants beginning with Plaintiff's commencement of employment with Defendants and ending at the time of Plaintiff's separation with Defendants. Include all documents pertaining to hours worked by Plaintiff.

**REQUEST NO. 37.**     A list of all employees, workers, independent contractors that Defendants employed or used services of, during Plaintiff's entire period of employment with Defendants This list must include complete names, last known phone numbers and last known addresses.

14

**REQUEST NO. 38**        All employee income-reporting documents submitted by the Defendants to the Internal Revenue Service regarding Plaintiff for the period that Plaintiff worked for the Defendant as stated in the Complaint.

**REQUEST NO. 39**        Any and all corporate books and records of Corporate Defendant and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendants.

**REQUEST NO. 40**        Any and all wage claims and/or wage-hour complaints filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes.

**REQUEST NO. 41.**        Any and all settlement agreements, investigative reports, court orders, correspondence or other documents related to the disposition of any and all wage claims and/or wage-hour complaints filed against the Defendants by any of their current or former employees.

**REQUEST NO. 42.**        Any and all Responses and documents provided by Defendants to Requests for Production, Requests for Admissions, and Interrogatories, in any and all wage claims and/or wage-hour claims filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes.

15

**REQUEST NO. 43.**      Any and all stipulations of fact and law made by Defendants in any and all wage claims and/or wage-hour claims filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes.

**REQUEST NO. 44.**      Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices, and procedures related to their payment of overtime and minimum wages compensation during the relevant time period.

**REQUEST NO. 45.**      Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation pay to employees during the relevant time period.

**REQUEST NO. 46.**      Any and all time cards, time and attendance sheets, punch cards and other documents which indicate or reflect the hours worked by Plaintiff during the course of her employment with the Defendants.

**REQUEST NO. 47.**      All paychecks, W-2 statements, 1099 statements and other payroll documents, which reflect the wages, paid to Plaintiff by the Defendants during the relevant time period.

16

**REQUEST NO. 48.**        Any and all documents submitted by the

Defendant to the United States Department of Labor regarding either agency's

investigation and/or audit of the Defendants' wage-hour practices during the relevant

time period.

**REQUEST NO. 49.**        Any and all documents received from the United

States Department of Labor - Wage- Hour Division, Florida Department of Labor -

Fair Labor Standards Division, regarding that agency's investigation and/or audit of

the Defendants' wage-hour practices during the relevant time period.

**REQUEST NO. 50.**        Any and all job descriptions, specifications or

other documents which describe or otherwise relate to the functions performed by

Plaintiff during the course of his employment by the Defendants.

**REQUEST NO. 51.**        Any and all documents on which Defendant

intends to rely at trial to support its affirmative defenses set forth in its Answer to the

Complaint

**REQUEST NO. 52**        Any and all written statements of actual or

potential witnesses taken by or on behalf of the Defendants in this action.

**REQUEST NO. 53**        Any written request made to persons to testify in

this action at trial or deposition, or to provide an affidavit or statement in this action,

and any written responses to such requests.

**REQUEST NO. 54.**        Any and all documents and/or electronic data that identify each workday (including the month, date, and year) in which Plaintiff did not perform work duties for Defendants for any part of the work day (including, but not limited to, for vacations, personal appointments, personal errands, physical fitness, religious observance, family activities).

**REQUEST NO. 55.**        Any and all documents and/or electronic data which reflects the sale and/or purchase and/or the transfer of funds and/or assets of the Defendants during the relative time period.

**REQUEST NO. 56.**        Any and all of Defendants' sale agreements and/or sale contracts, purchase agreements and/or purchase contracts, business sales agreements and/or business sales contracts, and the transfer of funds and/or assets.

**REQUEST NO. 57.**        Any and all financial account records (i.e. bank account, checking, money market account, etc.) in which the proceeds from the sale and/or purchase of any Defendant were deposited, in any sale took place.

**REQUEST NO. 58.**        Any and all documents and/or electronic data which demonstrate Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

18

**REQUEST NO. 59.**     Any and all EEOC charges and/claims filed by any of Defendants' former or current employees for alleged violations of the federal and/or state civil rights statutes for the years 2018, 2019      and 2020.

**REQUEST NO. 60.**     Any and all EEOC investigative reports, correspondence and other documents related to the disposition of any and all discrimination and/or retaliation charges filed against the Defendants by any of its current or former employees.

**REQUEST NO. 61.**     Please provide any documents and/or electronic data and/or telephone records and/or text message record and/or other correspondence which describe or evidence Defendants' consultation with any attorneys, or any other parties, regarding Defendants' compliance with the FLSA. This request includes, but is not limited to: any letters, emails, handwritten notes, tapes, including videotapes or recordings, of oral conversations, or verbal notes regarding Defendants' compliance with the FLSA and efforts regarding same.

**REQUEST NO. 62.**     Please provide any documents and/or electronic data and/or telephone records and/or text message records and/or other correspondence in regard to the decision to implement any new policies regarding time keeping records and/or other provisions required by the FLSA for

19

an employer regarding the Defendants.

**REQUEST NO. 63.**     Please provide any documents and/or electronic data and/or telephone records and/or text message records and/or other correspondence in regard to any and all affirmative efforts taken by Defendants to comply with the provisions of the FLSA.

**REQUEST NO. 64**     Any and all signature cards that name Defendants as authorized signatory on any financial account for any entity or other third party, for the years 2018, 2019 and 2020.

**REQUEST NO. 65.**     Any and all documents that refer to, reflect, or relate to any real property owned by any of the Defendants for the years 2018, 2019 and 2020.

**REQUEST NO. 66.**     Any and all documents evidencing ownership of real property in which any of the Defendants currently enjoy a direct or indirect beneficial interest.

**REQUEST NO. 67.**     Any and all checks, receipts, deeds, or other evidence of the sale or transfer of any real property in which any of the Defendants had a legal or equitable ownership interest, for the years 2018, 2019 and 2020

**REQUEST NO. 68.**     Any and all lease agreements for real

20

property in which Defendants are the landlord or have a beneficial interest for the years 2018, 2019 and 2020.

**REQUEST NO. 69.**     Any and all lease agreements for real property in which any of the Defendants are the lessor or lessee for the years 2018, 2019 and 2020.

**REQUEST NO. 70.**     All documents referring or pertaining to any records of salaries, commissions, bonuses, income from employment, wages, pay stubs, dividends, commissions, royalties, allowances, expenses, or other sums of money paid to any of the Defendants within for the years 2018, 2019 and 2020.

**REQUEST NO. 71.**     Copy of all documents showing a transfer of any funds and/or assets from any of the Defendants to anyone else or to any business for the years 2018, 2019 and 2020.

**REQUEST NO. 72**     Copies of all banking deposits slips for Defendants for the years 2018, 2019 and 2020.

**REQUEST NO. 73.**     All contracts where Defendants are providing cleaning and or janitorial services during the years 2018, 2019 and 2020.

**REQUEST NO. 74.**     Copies of any and all professional licenses held by Defendants for the years 2018, 2019 and 2020.

**REQUEST NO. 75**     Lease or purchase agreements executed by either or both Defendants for office space, real property, office machinery, cleaning

supplies, cleaning machines and cleaning utensils.

**REQUEST NO. 76**         Documents constituting inventories showing the assets of the Corporate Defendant, including the ownership of real property, physical property, and office machinery such as copiers and postage meters, cleaning machines, cleaning utensils and cleaning supplies.

**REQUEST NO. 77.**         All internal corporate documents for the Corporate Defendant describing the relationship that it has with any and all of the corporate entities listed in paragraphs 9, 11 and 12 of the Complaint.

**REQUEST NO. 78.**         Promotional documents and materials, including but not limited to brochures, summaries, advertisements and copies of web pages in which the Corporate Defendant describes services available to its clients and customers that are in fact provided by either one or more of the corporate entities listed in paragraphs 9, 11 and 12 of the Complaint.

**REQUEST NO. 79.**         Employee and/or Independent Contractor roosters for the Corporate Defendant during the period of Plaintiff's employment.

**REQUEST NO. 80.**         Documents sufficient to allow Plaintiff to readily identify the officers and directors for the Corporate Defendant during the entire period of Plaintiff's employment.

22

**REQUEST NO. 81.**     Articles of incorporation, and amendments to those articles for the Corporate Defendant.

**REQUEST NO. 82.**     All documents showing Defendant's policies and procedures on sex and pregnancy discrimination.

**REQUEST NO. 83.**     Each and every document that states the grounds for Plaintiff's firing.

**REQUEST NO. 84.**     All communications or other documents showing explanations given for Plaintiff's separation from employment, including communications to employees or third parties.

**REQUEST NO. 85.**     Copies of all W-2s and 1099s issued by Defendants in 2018, 2019 and 2020.

**REQUEST NO. 86.**     Copies of all invoices for cleaning services provided by the Defendants in 2018, 2019 and 2020.

**REQUEST NO. 87.**     Copies of all contracts for cleaning services which were in force during 2018, 2019 and 2020.

**REQUEST NO. 88.**     Copies of all contracts with, invoices issued to and payments received from Hillcrest Country Club No. 1 Condominium Inc., Hillcrest Country Club No. 2 Condominium Inc., Hillcrest Country Club No. 3 Condominium Inc.; Hillcrest Country Club No. 4 Condominium Inc., Hillcrest

23

Country Club No. 5 Condominium Inc.; Hillcrest Country Club No. 6

Condominium Inc., Hillcrest Country Club No. 7 Condominium Inc.;   Hillcrest

Country Club No. 8 Condominium Inc.; Hillcrest Country Club No. 9

Condominium Inc.; Hillcrest Country Club No. 10 Condominium Inc., Hillcrest

Country Club No. 11 Condominium Inc.: Hillcrest Country Club No. 12

Condominium Inc.; Hillcrest Country Club No. 13 Condominium Inc; Hillcrest

Country Club No. 14 Condominium Inc., Hillcrest Country Club No.15

Condominium Inc., Hillcrest Country Club No. 16 Condominium Inc.; Hillcrest

Country Club No. 17 Condominium Inc.; Hillcrest Country Club No. 18

Condominium Inc.; Pines Ford Dealership; Pines Nissan Dealership; Eye

Surgery Clinic; Midtown and United during 2018, 2019 and 2020.

**REQUEST NO. 89.**    All Documents, not produced in response to

any of the foregoing requests, you reasonably anticipate You will introduce or

otherwise use at any trial in this action.

24

Respectfully Submitted,

/s/ Anthony V. Falzon
ANTHONY V. FALZON, ESQUIRE
Fla. Bar No. 69167
ANTHONY V. FALZON P.A.
12000 Biscayne Boulevard, Suite 100
Miami, FL 33181
Tel: (786) 703 4181
Fax: (786) 703 2961
E-Mail: tony@anthonyfalzon-law.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing was served on

the Defendant with the Complaint.

*/s/ Anthony V. Falzon*
ANTHONY V. FALZON

## FORMAT FOR PRODUCTION OF ESI

These instructions pertain to the format of production for electronically stored information ("ESI"). ESI should be produced in a format consisting of TIFF image files, text files, and load files. Certain materials, set forth below, must be produced in native format with appropriate corresponding TIFF slip sheets and entries in the load file. If you have any questions about the formation for production of ESI, we are available to meet and confer prior to the deadline for your response to these discovery requests.

**TIFF Image Files**:      Unless specified in the "Exceptions and Natives" section below, all ESI will be produced as a single-page black and white Group IV TIFF image files of at least 300 dpi resolution. The page size shall be 8.5 x 11 inches unless, in the reasonable judgment of the producing party, a particular item requires a different page size. Each image file will use the Bates number of the page as its unique file name. Original document orientation as displayed in the native file should be maintained in the TIFF image (e.g. portrait to portrait and landscape to landscape). ESI should be processed and image files created so that all hidden text (eg. tracekd
changes) is displayed in the TIFF image. All TIFF images shall be branded with that page's Bates number, using a consistent font type and size. Reasonable efforts

should be taken to ensure that Bates numbers do not obscure any part of the underlying images.

**Text Files:** Each document shall be accompanied by a single, multipage text file containing all of the text for that item, not one text file per page. Each text file shall be named using the Bates number of the first page of the corresponding production item. The text of each ESI item shall be extracted directly from the ESI native file. To the extent that is not technically possible (eg. the underlying native file is an image file), the text for each ESI item shall be generated by applying optical character recognition ("OCR") technology to the native file. If text is redacted, the corresponding text file may be generated by applying OCR technology to the redacted TIFF image file.

**Load Files:** All ESI will be produced with Concordance image and data load files. Parent-child relationships for all ESI (eg. the association between an attachment and its parent email) must be preserved. The data load file should include fields populated with the appropriate metadata and production information for the ESI being produced, including without limitation: BegBates, EndBates, BegAttach, EndAttach, PgCount, Custodian, FileSize, HashValue, NativeFileLink, FileExtension, DateSent (mm/dd/yy), LastModDate, TimeSent (hh: mm AM/PM), DateReceived, TimeReceived, To, From, CC, BCC, DateCreated, TimeCreated, FileName, Subject, TextPath, Application, Importance (for importance or sensitivity of messages or calendar items), MessageID, ThreadID, Title, and Author. If any files are redacted, a field should be added to the data load file so indicating.

**Exceptions and Natives:** Any presentation files (eg. MS Power Point) and spreadsheet files (eg. MS Excel) shall be produced in their native format along with the a Bates-numbered placeholder TIFF image of the file. Any audio files (eg. .mp3, .wav, etc) and video files (eg. .mpeg, .avi, etc) shall be produced in their native format. The requesting party reserves the right to also make reasonable requests for the production of other native files.

To the extent of any response to discovery requests, requires production of ESI contained in a database application or file (eg. MS Access, SQL, SAP, FileMaker, etc) in lieu of producing the database, the producing party may produce reports from the database. Upon review of the reports, the requesting party may make reasonable requests for additional information, including without limitation,

information necessary to understand the database scheme, codes, or abbreviations, and to request reports in different formats. If you anticipate producing information from a database, we are available to meet and confer in advance of your production regarding a reasonable form of production.

All photographs and similar image files shall be produced in full-color TIFF images. Alternatively, they may be produced in black and white TIFF images, but the requesting party reserves the right to request full-color images at a later time.

If any file that is to be produced in its native format is password protected, the password must be supplied.

28

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO.: CACE 21-014176

YALEISY ROMAN RAMIREZ,

        Plaintiff,

vs.

ABC INTERNATIONAL CLEANING SERVICES INC.,
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

        Defendants,

_____/

**SUMMONS**

**THE STATE OF FLORIDA:**

**COUNTY OF BROWARD:**

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint,
Interrogatories, a Request for Production and Request for Admissions in this action on the Individual
Defendant:

**PANAGIOTI A/K/A PETER XYDIS
18459 PINES BOULEVARD
PEMBROKE PINES, FL 33029**

The Defendant is hereby required to serve written defenses to the Complaint or petition on
Plaintiff's attorney, to-wit:

1

**ANTHONY V. FALZON ESQ.**
**THE LAW OFFICES OF ANTHONY V. FALZON P.A.**
**12000 BISCAYNE BOULEVARD**
**SUITE 100**
**MIAMI, FL 33181**
**Tel: (786) 703 4181**
**Fax. (786) 703 2961**
**E-Mail: tony@anthonyfalzon-law.com**

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED this _____ JUL 20 2021_____

BRENDA D FORMAN,
as Clerk of said Court

By: _____



as Deputy Clerk

BRENDA D. FORMAN

**IMPORTANT**

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court.  A phone call will not protect you.  Your written response, including the above-referenced case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken thereafter taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

2

the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contando a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no le protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen el la guía telefónica.

Si desea responder a la demanda por su cuenta, la misma deberá ser radicada con la Corte localizada:

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

Al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante ó Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous étes obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que el tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argente t vous biens peuvent entre saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou a son avocat) nomme ci-dessous.

17th Judicial Circuit of Florida

201 S.E. 6th Street
Fort Lauderdale, FL 33301

EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

4

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO.: CACE 21-014176

YALEISY ROMAN RAMIREZ,

        Plaintiff,

vs.

ABC INTERNATIONAL CLEANING SERVICES INC.,
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

        Defendants,

_____/

**SUMMONS**

**THE STATE OF FLORIDA:**

**COUNTY OF BROWARD:**

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint,
Interrogatories, a Request for Production and Request for Admissions in this action on the Corporate
Defendant:

**ABC INTERNATIONAL CLEANING SERVICES INC.**
**Through its Registered Agent**
**PANAGIOTI A/K/A PETER XYDIS**
**18459 PINES BOULEVARD**
**PEMBROKE PINES, FL 33029**

1

The Defendant is hereby required to serve written defenses to the Complaint or petition on Plaintiff's attorney, to-wit:

**ANTHONY V. FALZON ESQ.**
**THE LAW OFFICES OF ANTHONY V. FALZON P.A.**
**12000 BISCAYNE BOULEVARD**
**SUITE 100**
**MIAMI, FL 33181**
**Tel: (786) 703 4181**
**Fax. (786) 703 2961**
**E-Mail: tony@anthonyfalzon-law.com**

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED this __    JUL 20 2021

BRENDA D FORMAN,
as Clerk of said Court

By: _____ s Deputy Clerk

**IMPORTANT**     BRENDA D. FORMAN

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court. A phone call will not protect you. Your written response, including the above-referenced case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken thereafter taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

17th Judicial Circuit of Florida

201 S.E. 6th Street
Fort Lauderdale, FL 33301

the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 días, contando a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no le protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen el la guía telefónica.

Si desea responder a la demanda por su cuenta, la misma deberá ser radicada con la Corte localizada:

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

Al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante ó Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous.  Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce tribunal.  Un simple coup de téléphone  est insuffisant pour vous protéger.  Vous étés obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que el tribunal entende votre cause.  Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argente t vous biens peuvent entre saisis par la suite, sans aucun préavis ultérieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au

3

« Plaintiff/Plaintiff's Attorney » (Plaignant ou a son avocat) nomme ci-dessous.

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

Yaleisy Roman-Ramirez
**Plaintiff**

Case Number: _Cace.21.014176_

Judge Division: _____18_____

vs.

ABC International Cleaning Services Inc
**Defendant**

RECEIVED
JUL 15 2021
By_____

# CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73-Civ/
2020-74-UFC:

**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED
CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to these two
parties.

Listed below are all the aforementioned related cases:

None

**BRENDA D. FORMAN,
Circuit and County Courts**

By:_____
**Deputy Clerk**

IN THE CIRCUIT COURT FOR THE SEVENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: CACE 21-014176

YALEISY ROMAN RAMIREZ

      Plaintiff,

vs.

ABC INTERNATIONAL CLEANING SERVICES, INC.,
A Florida for Profit Organization, and PANAGIOTI
a/k/a PETER XYDIS, an individual

      Defendants.

_____/

## NOTICE OF UNAVAILABILITY

     Please be advised that, the undersigned counsel, ANTHONY V. FALZON, requests that no hearings, depositions or other matters be set or scheduled, nor any mediation, motions, requests for production, interrogatories or other pleadings be filed which require a timely response during the following periods:

    *July 27, 2021 through August 4, 2021.*

               Respectfully Submitted:

               ANTHONY V. FALZON P.A.
               Attorneys for Plaintiff
               12000 Biscayne Boulevard, Suite 100
               Miami, Florida 33181
               Tel. (786) 703 4181
               Fax (786) 703 2961
               Email: tony@anthonyfalzon-law.com

          By:     *s/ Anthony V. Falzon*
               ANTHONY V. FALZON
               Florida Bar No. 69167

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on

this 27th day of July, 2021 via the Courts' e-filing system on all counsel of record.

*/s/Anthony V. Falzon*
ANTHONY V. FALZON, ESQ.

## VERIFIED RETURN OF SERVICE

State of Florida                    County of Broward                    Circuit Court

Case Number: CACE 21-014176

Plaintiff:
**YALEISY ROMAN RAMIREZ,**

vs.

Defendant:
**ABC INTERNATIONAL CLEANING SERVICES, INC. AND PANAGIOTI A/K/A
PETER XYDIS,**

For:
ANTHONY V. FALZON
THE LAW OFFICES OF ANTHONY V. FALZON P.A.
12000 BISCAYNE BOULEVARD
SUITE 702
MIAMI, FL 33181

Received by Streetwise Investigations on the 21st day of July, 2021 at 9:00 am to be served on **PANAGIOTI A/K/A
PETER XYDIS, 18459 PINES BLVD, #336, PEMBROKE PINES, FL 33029.**

I, ANDREW KARP, do hereby affirm that on the **21st day of July, 2021** at **11:15 am, I:**

**Substitute Served** by leaving a true copy of this **SUMMONS AND COMPLAINT, INTERROGATORIES, A
REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS IN THIS ACTION ON THE INDIVIDUAL
DEFENDANT:** with the date and hour of service endorsed thereon by me, at the within named person's usual
place of business, to a person employed therein to wit: BISMARK JIRON as MANAGER OF UPS STORE and
informing said person of the contents thereof.

**Additional Information pertaining to this Service:**
I ATTEMPTED SERVICE AT THE FIRST ADDRESS 7/21/21 10:15 AM THIS IS A UPS STORE. I SPOKE WITH
THE MANAGER BISMARK JIRON WHO STATED THAT THE INDIVIDUAL AND THE COMPANY HAVE BOX 336.
I DID A PUBLIC RECORDS SEARCH (BROWARD COUNTY PROPERTY APPRAISER) AND FOUND AN
ADDRESS FOR PENELOPE XYDIS AT 5630 SW 185 WAY SOUTHWEST RANCHES SHE IS HOMESTEADED AT
ADDRESS. THIS SEARCH WAS DONE AS PER 48.031 (6)(A). I ATTEMPTED SERVICE AT THIS ADDRESS ON
7/21/21 10:40 AM THIS IS A HOUSE WITH A GATE. I CALLED THE PHONE NUMBER ON THE THE ABC
INTERNATIONAL CLEANING SERVICES INC. WEBSITE 954 965-7200 AND SPOKE WITH PETER WHO WOULD
NOT CONFIRM IF HE LIVES AT THIS ADDRESS. I WENT BACK TO THE UPS STORE WHICH IS THE ADDRESS
ON THE COMPANY WEBSITE AND SERVED THE DOCUMENTS.

## VERIFIED RETURN OF SERVICE For CACE 21-014176

I certify that I am over the age of 18, have no interest in the above action, and am a SPECIAL PROCESS SERVER, in good standing, in the judicial circuit in which the process was served. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED ARE TRUE.

**ANDREW KARP**
SPS #260

**Streetwise Investigations
& Protective Services, Inc.**
P.O. Box 221145
Hollywood, FL 33022
(954) 923-9898

Our Job Serial Number: SIP-2021001075

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO.: CACE 21-014176

YALEISY ROMAN RAMIREZ,

    Plaintiff,

vs.

ABC INTERNATIONAL CLEANING SERVICES INC.,
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

    Defendants,

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**COUNTY OF BROWARD:**

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint,
Interrogatories, a Request for Production and Request for Admissions in this action on the Individual
Defendant:

**PANAGIOTI A/K/A PETER XYDIS**
**18459 PINES BOULEVARD**
**PEMBROKE PINES, FL 33029**

The Defendant is hereby required to serve written defenses to the Complaint or petition on
Plaintiff's attorney, to-wit:

1

**ANTHONY V. FALZON ESQ.**
**THE LAW OFFICES OF ANTHONY V. FALZON P.A.**
**12000 BISCAYNE BOULEVARD**
**SUITE 100**
**MIAMI, FL 33181**
**Tel: (786) 703 4181**
**Fax. (786) 703 2961**
**E-Mail: tony@anthonyfalzon-law.com**

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED this _____ JUL 20 2021 _____

BRENDA D FORMAN,
as Clerk of said Court

By: _____
as Deputy Clerk

BRENDA D. FORMAN

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court. A phone call will not protect you. Your written response, including the above-referenced case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken thereafter taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

2

the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contando a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no le protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen el la guía telefónica.

Si desea responder a la demanda por su cuenta, la misma deberá ser radicada con la Corte localizada:

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

Al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante ó Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous étés obligés de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que el tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argente t vous biens peuvent entre saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou a son avocat) nomme ci-dessous.

17th Judicial Circuit of Florida

3

201 S.E. 6ᵗʰ Street
Fort Lauderdale, FL 33301

## EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

4

## VERIFIED RETURN OF SERVICE

State of Florida        County of Broward        Circuit Court

Case Number: CACE 21-014176

Plaintiff:
**YALEISY ROMAN RAMIREZ,**

vs.

Defendant:
**ABC INTERNATIONAL CLEANING SERVICES, INC. AND PANAGIOTI A/K/A PETER XYDIS,**

For:
ANTHONY V. FALZON
THE LAW OFFICES OF ANTHONY V. FALZON P.A.
12000 BISCAYNE BOULEVARD
SUITE 702
MIAMI, FL 33181

Received by Streetwise Investigations on the 21st day of July, 2021 at 9:00 am to be served on **ABC INTERNATIONAL CLEANING SERVICES INC REGISTERED AGENT PANAGIOTI A/K/A PETER XYDIS, 18459 PINES BLVD, #336, PEMBROKE PINES, FL 33029.**

I, ANDREW KARP, do hereby affirm that on the **21st day of July, 2021** at **11:15 am, I:**

**Substitute Served** by leaving a true copy of this **SUMMONS AND COMPLAINT, INTERROGATORIES, A REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS IN THIS ACTION ON THE CORPORATE DEFENDANT:** with the date and hour of service endorsed thereon by me, at the within named person's usual place of business, to a person employed therein to wit: BISMARK JIRON as MANAGER OF UPS STORE and informing said person of the contents thereof.

**Additional Information pertaining to this Service:**
I ATTEMPTED SERVICE AT THE FIRST ADDRESS 7/21/21 10:15 AM THIS IS A UPS STORE. I SPOKE WITH THE MANAGER BISMARK JIRON WHO STATED THAT THE INDIVIDUAL AND THE COMPANY HAVE BOX 336. I DID A PUBLIC RECORDS SEARCH (BROWARD COUNTY PROPERTY APPRAISER) AND FOUND AN ADDRESS FOR PENELOPE XYDIS AT 5630 SW 185 WAY SOUTHWEST RANCHES SHE IS HOMESTEADED AT ADDRESS. THIS SEARCH WAS DONE AS PER 48.031 (6)(A). I ATTEMPTED SERVICE AT THIS ADDRESS ON 7/21/21 10:40 AM THIS IS A HOUSE WITH A GATE. I CALLED THE PHONE NUMBER ON THE THE ABC INTERNATIONAL CLEANING SERVICES INC. WEBSITE 954 965-7200 AND SPOKE WITH PETER WHO WOULD NOT CONFIRM IF HE LIVES AT THIS ADDRESS. I WENT BACK TO THE UPS STORE WHICH IS THE ADDRESS ON THE COMPANY WEBSITE AND SERVED THE DOCUMENTS.

## VERIFIED RETURN OF SERVICE For CACE 21-014176

I certify that I am over the age of 18, have no interest in the above action, and am a SPECIAL PROCESS SERVER, in good standing, in the judicial circuit in which the process was served. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED ARE TRUE.

**ANDREW KARP**
SPS #260

**Streetwise Investigations**
**& Protective Services, Inc.**
P.O. Box 221145
Hollywood, FL 33022
(954) 923-9898

Our Job Serial Number: SIP-2021001076

Copyright © 1992-2021 Database Services, Inc - Process Server's Toolbox V8.1c

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO.: CACE 21-014176

YALEISY ROMAN RAMIREZ,

      Plaintiff,

vs.

ABC INTERNATIONAL CLEANING SERVICES INC.,
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

      Defendants,

_____/

**SUMMONS**

**THE STATE OF FLORIDA:**

**COUNTY OF BROWARD:**

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint,
Interrogatories, a Request for Production and Request for Admissions in this action on the Corporate
Defendant:

**ABC INTERNATIONAL CLEANING SERVICES INC.**
**Through its Registered Agent**
**PANAGIOTI A/K/A PETER XYDIS**
**18459 PINES BOULEVARD**
**PEMBROKE PINES, FL 33029**

1

The Defendant is hereby required to serve written defenses to the Complaint or petition on Plaintiff's attorney, to-wit:

**ANTHONY V. FALZON ESQ.**
**THE LAW OFFICES OF ANTHONY V. FALZON P.A.**
**12000 BISCAYNE BOULEVARD**
**SUITE 100**
**MIAMI, FL 33181**
**Tel: (786) 703 4181**
**Fax. (786) 703 2961**
**E-Mail: tony@anthonyfalzon-law.com**

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED this __    JUL 20 2021

BRENDA D FORMAN,
as Clerk of said Court

By: _____ as Deputy Clerk

**IMPORTANT**    **BRENDA D. FORMAN**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court. A phone call will not protect you. Your written response, including the above-referenced case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken thereafter taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

17th Judicial Circuit of Florida

2

201 S.E. 6th Street
Fort Lauderdale, FL 33301

the same time you file your written response to the Court, you must also mail or take a copy of
your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.   Tiene 20 días, contando a partir del recibo de esta
notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una
llamada telefónica no le protegerá.  Si usted desea que el tribunal considere su defensa, debe
presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes
interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado
de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros
requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce
a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen el la guía
telefónica.

Si desea responder a la demanda por su cuenta, la misma deberá ser radicada con la Corte localizada:

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

Al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o
entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's
Attorney" (Demandante ó Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir
de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe
auprès de ce tribunal. Un simple coup de téléphone  est insuffisant pour vous protéger.  Vous étes
obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des
parties nommées ici, si vous souhaitez que el tribunal entende votre cause. Si vous ne déposez pas
votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre
argente t vous biens peuvent entre saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y
a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat Si vous
ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un
bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même
temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au

3

« Plaintiff/Plaintiff's Attorney » (Plaignant ou a son avocat) nomme ci-dessous.

17th Judicial Circuit of Florida
201 S.E. 6th Street
Fort Lauderdale, FL 33301

EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

4

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: 21-014176

YALEISY ROMAN RAMIREZ,

        Plaintiff,

v.

ABC INTERNATIONAL CLEANING SERVICES INC.
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

        Defendants.

_____/

## DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

The Defendants, named as ABC INTERNATIONAL CLEANING SERVICES INC. ("ABC") and PANAGIOTI A/K/A PETER XYDIS ("Mr. Xydis") (collectively, the "Defendants"), hereby move this Court for an extension of time, up to and including Tuesday, August 24, 2021, within which to file their response to the Complaint filed by Plaintiff, YALEISY ROMAN RAMIREZ ("Plaintiff"), and state as follows:

1.      On or about July 13, 2021, Plaintiff filed a Complaint against Defendants. Absent an extension of time, and assuming that service of process was properly accomplished on Defendants, Defendants' response is due to be served on August 10, 2021.[1]

---

[1] By filing this Motion, Defendants do not waive and expressly preserve any objection they may have to the method of service of process.

2.      Defendants need additional time to prepare a response to Plaintiff's Complaint. Accordingly, Defendants respectfully request an extension of time, up to and including Tuesday, August 24, 2021, within which to file their response to Plaintiff's Complaint.

3.      On August 9, 2021, counsel for the Defendants contacted counsel for Plaintiff to determine whether she would agree to the requested extension of time. Plaintiff's counsel graciously agreed to the requested extension.

4.      Defendants do not seek the requested extension for purposes of unnecessary delay in this case and no prejudice will result from the granting of the requested extension.

WHEREFORE, the Defendants, named as ABC INTERNATIONAL CLEANING SERVICES INC. and PANAGIOTI A/K/A PETER XYDIS, respectfully request that this Court grant an extension of time, up to and including Tuesday, August 24, 2021, within which to file their response to the Complaint filed by Plaintiff, YALEISY ROMAN RAMIREZ, along with such other relief as this Court deems just and proper.

**<u>CERTIFICATION OF CONFERRAL</u>**

I hereby certify that counsel for the movant has conferred with counsel for the Plaintiff concerning the relief requested in this motion in a good faith effort to resolve the issues. Plaintiff has no objection to the requested extension of time.

DATED this 10th day of August 2021.          Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida  33131
Tel:  (305) 400-7500
Fax: (305) 603-2552

By**:** */s/ Stefanie M. Mederos*
Stefanie M. Mederos, Esq.
Florida Bar No.: 12041

2

E-mail:  smederos@littler.com
Secondary: ccano@littler.com
Alan Persaud, Esq.
Florida Bar No.: 1009883
E-mail: apersaud@littler.com
Secondary: btapia@littler.com

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August 2021, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

Anthony V. Falzon, Esq.
Florida Bar No.: 69167
ANTHONY V. FALZON, P.A.
12000 Biscayne Boulevard, Suite 100
Miami, FL 33181
Tel: (786) 703-4181
Fax: (786) 703-2961
E-Mail: tony@anthonyfalzon-law.com

*Counsel for Plaintiff*

BY:     */s/ Stefanie M. Mederos*
        Stefanie M. Mederos, Esq.

3

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.  <u>CACE21014176</u>   DIVISION  <u>18</u>   JUDGE  <u>Fabienne Fahnestock</u>

**Yaleisy Roman Ramirez**

Plaintiff(s) / Petitioner(s)

v.

**ABC International Cleaning Services, Inc., et al**

Defendant(s) / Respondent(s)

_____/

## <u>AGREED ORDER</u>

THIS MATTER having come before the Court on the Unopposed Motion of the Defendants seeking an extension of time to respond to Plaintiff's Complaint and the Court, having been advised of the agreement of counsel, and being otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows**:**

The Motion is hereby GRANTED. Defendants shall have an extension of time, up to and including Tuesday, August 24, 2021, to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>08-10-2021</u>.

<u>CACE21014176 08-10-2021 4:27 PM</u>
Hon. Fabienne Fahnestock
**CIRCUIT JUDGE**
Electronically Signed by Fabienne Fahnestock

**Copies Furnished To:**
Alan Persaud , E-mail : apersaud@littler.com
Alan Persaud , E-mail : btapia@littler.com
Anthony Vincent Falzon , E-mail : tony@anthonyfalzon-law.com
Anthony Vincent Falzon , E-mail : assistant@anthonyfalzon-law.com
Stefanie M. Mederos , E-mail : ccano@littler.com
Stefanie M. Mederos , E-mail : smederos@littler.com