UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-61743-RAR

YALEISY ROMAN RAMIREZ,

    Plaintiff,

v.

ABC INTERNATIONAL CLEANING SERVICES INC.
a Florida for Profit Corporation; and
PANAGIOTI A/K/A PETER XYDIS, an individual,

    Defendants.
_____/

### JOINT MOTION FOR APPROVAL OF PARTIES' FLSA SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, YALEISY ROMAN RAMIREZ, and Defendants, ABC INTERNATIONAL CLEANING SERVICES INC. ("ABC") and PETER XYDIS, by and through their respective undersigned counsel and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, jointly move this Court to approve the terms of the FLSA settlement they have agreed to following the settlement conference, dismiss this case with prejudice, and retain jurisdiction to enforce the terms of the Parties' FLSA settlement. In support of this Joint Motion, Plaintiff and Defendants (collectively, the "Parties) respectfully state as follows:

### INTRODUCTION

1. Plaintiff filed the instant action seeking to recover unpaid wages from Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") and Florida's Minimum Wage Act, Fla. Stat. §448.110 (the "Minimum Wage Act"); overtime wages under the FLSA from Defendants; wages for a purported breach of oral contract from ABC; and damages from ABC under the Florida Civil Rights Act ("FCRA") for alleged pregnancy discrimination.

2. The Defendants deny having committed any violations of the FLSA or Minimum Wage Act (or any of the other violations alleged in the Complaint) with respect to Plaintiff and, for purposes of settlement and compromise only, wish to resolve the Complaint without the expense, delay, and burden of further litigation without any adjudication on the merits of this action and without any admission by Defendants of any alleged violation of the FLSA, Minimum Wage Act or any other law.

3. According to *Plaintiff's Statement of Claim* [D.E. 10], Plaintiff originally estimated she was owed $406 in unpaid wages and $4,860.48 in unpaid overtime wages under the FLSA, plus liquidated damages, attorneys' fees and costs. Plaintiff later responded to Interrogatories, in which she estimated she was owed $3,964.08 in unpaid overtime wages.[1]

4. Defendants argued that ABC is not subject to the FLSA under enterprise or individual coverage and Plaintiff was not covered by the FLSA as an independent contractor. They further contended that, even if Plaintiff was an employee, Defendants acted with a good faith belief that they were compensating Plaintiff appropriately and Plaintiff has overestimated the hours that she is claiming.

5. After considering the discussions regarding each of the Parties' respective positions and potential defenses, the Parties agreed to terms to resolve Plaintiff's claims at a court-ordered settlement conference before U.S. Magistrate Judge Jared Strauss on November 12, 2021.

6. A copy of the *FLSA Settlement and General Release Agreement* (the "FLSA Settlement Agreement") executed by the respective parties is attached as Exhibit "A." The Parties agreed that the remaining portion of the settlement unrelated to the FLSA would be subject to mutual confidentiality protections and, thus, have prepared a separate Settlement Agreement addressing that portion of the settlement.

---

[1] The original estimate included an incorrect calculation of the number of weeks at issue.

7.      Pursuant to the FLSA Settlement Agreement, Defendants have agreed to pay Plaintiff a total of $10,000.00 for her claims of alleged unpaid wages and unpaid overtime wages, consisting of $3,000.00 in alleged unpaid wages and unpaid overtime wages, $3,000.00 in liquidated damages, and $4,000.00 in attorneys' fees and costs.

8.      This matter is in its initial stages, where the pleadings have not closed and only written discovery responses were exchanged. Moreover, as set forth in the Notice of Removal [D.E. 1], the claims in each of the counts are related and overlapping. The $4,000 in attorney's fees and costs only pertains to the portion attributable to settlement of the FLSA claims. Accordingly, the Parties submit that the attorneys' fees and costs to be paid as part of the FLSA Settlement Agreement are reasonable.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  To approve a settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354.  If the settlement is fair and reasonable, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977). The terms of the Parties' settlement in this case comply with the spirit of *Lynn's Food Stores, Inc*.

In considering FLSA settlements, Florida district courts consider the following factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity and duration of the litigation; (iii) the stage of the proceedings; (iv) the probability of plaintiff's success; (v) the range of possible recovery; and (vi) the opinions of counsel.  *See, e.g., Seda v. All Fla. Appliance &*

*A/C, Inc.*, No. 8:15-cv-00311-T-36MAP, 2015 U.S. Dist. LEXIS 75787, at *3 (M.D. Fla. June 4, 2015) (citing cases), *report and recommendation adopted by*, 2015 U.S. Dist. LEXIS 75791 (M.D. Fla. June 11, 2015). "This list is not exhaustive nor does it appear that the Court has to consider one factor more important than the other." *Id.*

Here, Plaintiff negotiated settlement terms through counsel that are satisfactory to the Parties. The undersigned counsel, who are experienced in wage and hour matters, view the terms agreed upon as a good outcome for the Parties. It could be years before this matter is ready for a trial, with an uncertain outcome for any party. There has been no fraud or collusion in the settlement of this matter, settlement was achieved at a court-ordered settlement conference and settlement will prevent expensive, protracted, and uncertain litigation. The Parties assessed their respective positions and consulted with their counsel before reaching agreement upon the terms of the settlement. Moreover, the attorneys' fees and costs that Defendants will pay on behalf of Plaintiff are reasonable, the amount was negotiated separately from the amounts to be paid to Plaintiff, and the amount was agreed upon without regard to the amounts paid to Plaintiff. "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, No. 6:10-cv-457-Orl-31KRS, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). In the present case, Plaintiff's attorneys' fees were negotiated independently from the amounts to be paid to the Plaintiff pursuant to his FLSA claim and such fees did not adversely affect Plaintiff's recovery.

Ultimately, the Parties decided that it is in their respective best interests to resolve this matter early through settlement rather than to proceed through protracted and costly litigation. Based upon the above, the settlement reached in this matter reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Davis v. Staramba Corp.*, No. 8:15-cv-1936-T-36MAP, 2016 U.S. Dist. LEXIS 62347, at *4 (M.D. Fla. Apr. 19, 2016) (internal quotation marks omitted) (quoting *DeGraff v. SMA Behavioral Health Servs, Inc.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013)).  The Parties respectfully submit that their settlement should be approved.

The Parties stipulate to the dismissal with prejudice of this action upon approval by the Court of the FLSA Settlement Agreement, conditioned upon the Court retaining jurisdiction over the matter to enforce the terms of the FLSA Settlement Agreement.

Pursuant to Local Rule 7.1(a)(2) of the Local Rules for the Southern District of Florida, a proposed Order is attached hereto.

WHEREFORE, the Parties respectfully request that this Court enter the attached proposed Order: (i) approving the terms of the settlement of Plaintiff's FLSA-related claims; (ii) dismissing, with prejudice, all of the claims made by Plaintiff against Defendant in this action, with the parties to bear their own fees and costs, except as provided for in the FLSA Settlement Agreement; (iii) retaining jurisdiction to enforce the terms of the settlement; (iv) denying as moot all pending motions; and (v) awarding such other relief as is just and proper under the circumstances. DATED this 13th day of December 2021.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Anthony V. Falzon* <br> Anthony V. Falzon, Esq. <br> Florida Bar No.: 69167 <br> E-Mail: tony@anthonyfalzon-law.com <br> ANTHONY V. FALZON, P.A. <br> 12000 Biscayne Boulevard, Suite 100 <br> Miami, FL 33181 <br> Tel: (786) 703-4181 <br> Fax: (786) 703-2961 <br> ***Counsel for Plaintiff*** | By**:** */s/ Stefanie M. Mederos* <br> Stefanie M. Mederos, Esq. <br> Florida Bar No.: 12041 <br> E-mail: smederos@littler.com <br> Secondary: ccano@littler.com <br> Alan Persaud, Esq. <br> Florida Bar No.: 1009883 <br> E-mail: apersaud@littler.com <br> Secondary: btapia@littler.com <br> LITTLER MENDELSON, P.C. <br> Wells Fargo Center <br> 333 S.E. 2nd Avenue, Suite 2700 <br> Miami, Florida 33131 <br> Tel: (305) 400-7500 <br> Fax: (305) 603-2552 <br> ***Counsel for Defendants*** |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of December 2021, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

*/s/ Stefanie M. Mederos*
Stefanie M. Mederos, Esq.

## **SERVICE LIST**

Anthony V. Falzon, Esq.
Florida Bar No.: 69167
ANTHONY V. FALZON, P.A.
12000 Biscayne Boulevard, Suite 100
Miami, FL 33181
Tel: (786) 703-4181
Fax: (786) 703-2961
E-Mail: tony@anthonyfalzon-law.com
***Counsel for Plaintiff***
***Served via CM/ECF and E-mail***

4881-3085-5939.3 / 107805-1001

# FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT

This Fair Labor Standards Act Settlement Agreement ("FLSA Settlement Agreement") is entered into by and between Plaintiff, YALEISY ROMAN RAMIREZ ("Ramirez"), and the Defendants, ABC INTERNATIONAL CLEANING SERVICES INC. and PANAGIOTI A/K/A PETER XYDIS (the "Defendants") (Ramirez and Defendants are together referred to as the "Parties" and individually each are a "Party").

## I. RECITALS

A. WHEREAS, Ramirez filed a Complaint styled *Yaleisy Roman Ramirez v. ABC International Cleaning Services, Inc. and Panagioti a/k/a Peter Xydis* in the Circuit Court for the 17th Judicial Circuit, in and for Broward County, Florida, assigned Case No. 21-014176, which Defendants removed to the United States District Court for the Southern District of Florida, Case No. 21-cv-61743-RAR (the "Civil Action");

B. WHEREAS, in the Civil Action, Ramirez alleged that ABC violated the Florida Civil Rights Act ("FCRA") and breached an oral contract for payment of wages; and that Defendants violated the Fair Labor Standards Act ("FLSA") and Florida's Minimum Wage Act ("FMWA");

C. WHEREAS, Ramirez previously filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") with Charge No. 510-2020-02552, and a charge of discrimination with the Broward County Human Rights Section with Case No. EMF 110-07-20 (collectively, the "Ramirez Charges");

D. WHEREAS, the Defendants deny that they are liable to Ramirez under the allegations set forth in the Civil Action or any other cause of action that could arise out of Ramirez's relationship with both and/or either of the Defendants. Ramirez acknowledges that the Defendants' settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding Ramirez's relationship with both and/or either of the Defendants;

E. WHEREAS, the Parties are entering into this FLSA Settlement Agreement for the purposes of settling, compromising and resolving any and all claims Ramirez may have against the Defendants, asserted or which could have been asserted in the Civil Action or otherwise (except that the Parties have entered into a separate settlement agreement for purposes of settling Ramirez's FCRA claim ("Non-FLSA Settlement Agreement")), and to settle and compromise any and all prior and existing disputes, claims and controversies between the Parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the Parties existing at any time up to the moment of execution of this FLSA Settlement Agreement.

F. WHEREAS, each Party believes settlement of the Civil Action and all other possible disputes between the Parties is in the Parties' mutual best interests; and

G. WHEREAS, the Parties desire to memorialize their agreement.

Y. R.

Page 1 of 6

EXHIBIT A

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties expressly, knowingly and voluntarily agree as follows:

## II. SETTLEMENT TERMS

1. **Definitions:** Throughout this FLSA Settlement Agreement, the term "ABC" shall include the following:

    (A) ABC International Cleaning Services, Inc., as well as any subsidiary, parent company (including but not limited to International Facilities Management LLC), affiliated entity, related entity (including each such entity listed in the Complaint), operating entity, franchise, or division of ABC International Cleaning Services, Inc.; and

    (B) Any officer, director, trustee, agent, employee, or insurer of an entity encompassed by subparagraph (a).

2. **Recitals:** The Parties acknowledge that all of the Recitals are true and correct and incorporated as material parts of this FLSA Settlement Agreement.

3. **No Admission of Liability:** Ramirez agrees and acknowledges that this FLSA Settlement Agreement (including any of its discrete sub-parts) is not and shall not be construed as an admission by the Defendants (or any person or entity acting on their behalf) of any liability or any act or wrongdoing whatsoever, including without limitation, any violation: (1) of any federal, state or local law, statute, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by the Defendants to anyone. Further, the Defendants do not admit: (1) that they have violated the FLSA, FMWA or for breach of any oral or written agreement to pay wages, or violation of any other law or regulation; (2) that they have any liability under the FLSA, FMWA or for breach of any oral or written agreement to pay wages or violation of any other law; or (3) that Ramirez is the prevailing party.

4. **Payment:** Provided Ramirez signs this FLSA Settlement Agreement and it is approved by the Court, the Defendants shall pay or cause to be paid the total sum of Ten Thousand and 00/100 ($10,000.00) Dollars ("FLSA Settlement Payment"), in full settlement and satisfaction of Ramirez's FLSA claims, including, but not limited to, Ramirez's claims for attorneys' fees and costs. The payment shall be made as follows:

    a. One check made payable to Yaleisy Roman Ramirez in the amount of Three Thousand and 00/100 ($3,000.00) Dollars, less applicable taxes and withholdings, for wages, for which a IRS Form W-2 will be issued to Ramirez;

    b. One check made payable to Yaleisy Roman Ramirez in the net amount of Three Thousand and 00/100 ($3,000.00) Dollars, in full satisfaction of Ramirez's claims for liquidated damages, for which an IRS Form 1099 MISC will be issued to Ramirez; and

Y.R.

EXHIBIT A

      c.      One check made payable to Anthony V. Falzon, P.A., in the amount of Four Thousand and 00/100 ($4,000.00) Dollars, in settlement of Ramirez's attorneys' fees and costs, for which an IRS Form 1099 shall be issued to both Ramirez and Anthony V. Falzon, P.A. This amount was negotiated separately from the amounts to be paid to Ramirez.

The voluntary payments set forth in this Paragraph shall settle and compromise the Civil Action and any and all other potential claims of Ramirez or her attorney(s) (including any alleged future effects of acts or omissions prior to this Agreement against the Releasees, as defined below), and shall constitute the only sums to be paid to Ramirez and her attorney by the Defendants other than the confidential amount being paid to Ramirez pursuant to the Non-FLSA Settlement Agreement.

The Non-FLSA Settlement Funds shall be paid together with the FLSA Settlement Funds. Defendants shall deliver the settlement checks to Ramirez's counsel at the Law Offices of Anthony V. Falzon P.A. 12000 Biscayne Boulevard, Suite 100, Miami, FL 33181 within 30 days following receipt of all of the following items: (1) a copy of this FLSA Settlement Agreement fully executed and dated by Ramirez; (2) a copy of the Non-FLSA Settlement Agreement fully executed and dated by Ramirez; (3) the Joint Stipulation for Entry of an Order of Dismissal signed by Ramirez or her counsel (which will include a request for the Court to retain jurisdiction to enforce the terms of the Settlement Agreements); (4) a completed and signed W-4 Form for Ramirez and completed and signed W-9 forms for both Ramirez and Anthony V. Falzon, P.A.; (5) the Request for Withdrawal of the Charges and any other charges of discrimination against Defendants, along with any other documents necessary to terminate the Charges; and (6) the Court entering an Order Approving the FLSA Settlement Agreement. This FLSA Settlement Agreement shall not become effective, therefore, and none of the benefits set forth in this Paragraph will become due or payable, until after the Effective Date of this FLSA Settlement Agreement. (The "Effective Date" is defined as the first day after Defendants have received from Ramirez all of the items described in this Paragraph).

     5.     **Dismissal:** Ramirez agrees to take all reasonably necessary steps to dismiss the Civil Action with prejudice with the court to retain jurisdiction to enforce the terms of both Settlement Agreements. Ramirez agrees that she will not seek any costs or attorney's fees from Defendants in conjunction with any filings necessary to dismiss the Civil Action with prejudice.

     6.     **Release of FLSA Claims:** For consideration that she is otherwise not entitled to receive, Ramirez, on her own behalf and for her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns, covenants not to sue, and expressly releases and holds harmless ABC, and its respective members, subsidiaries, affiliates, divisions and related entities, including but not limited to all predecessors, successors, and assigns and their respective affiliates and members, all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing, both personally and in their respective business capacities, and their employee benefit plans and programs and their administrators and fiduciaries ("ABC Releasees") and Xydis and his spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors, insurers or assigns ("Xydis Releasees") (collectively, ABC Releasees and Xydis Releases are "the Releasees" or singularly, "Releasee") from any and all rights, claims, suits, debts, dues, sums of money,

Y.R.

accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, causes of action of any nature whatsoever arising at law or in equity, which Ramirez may have had, may now have or may have in the future, both known and unknown, against the Defendants or any Releasee under the FLSA, Florida Minimum Wage Act or for breach of any oral or written agreement to pay wages, from the beginning of the world to the date of this Agreement. Nothing in this Agreement shall be construed to prohibit Ramirez from (a) challenging Defendants' failure to comply with their promises to make payment or comply with the other promises in this Agreement; (b) asserting her right to any vested benefits under ERISA-covered employee benefit plans as applicable on the date Ramirez signs this Agreement; (c) asserting any claim for unemployment or workers' compensation benefits; and/or (d) asserting any claim that cannot lawfully be waived by private agreement.

7. **Controlling Law, Venue, and Interpretation:** This FLSA Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida, as they are applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary. In addition, Ramirez acknowledges that jurisdiction and venue over any claims arising under or relating to this FLSA Settlement Agreement shall lie exclusively with the United States District Court for the Southern District of Florida, Fort Lauderdale Division, or, if that court lacks or refuses jurisdiction, in any court of competent jurisdiction in Broward County, Florida. At least ten (10) business days prior to commencing an action based on the alleged breach of this FLSA Settlement Agreement, the complaining party must give written notice to the other party via certified mail or Fedex of that Party's intent to file an action, and an opportunity to cure the breach.

8. **Prevailing Party:** If payment is not made as per the Payment provision above and an action is brought or a motion is filed (if appropriate) to enforce the Payment provision of this FLSA Settlement Agreement, the prevailing party in such action or proceeding will be entitled to reasonable attorney's fees, costs and expenses relating to such action or proceeding.

9. **Voluntary Acceptance:** Ramirez represents and acknowledges that she: (1) has consulted with her attorney, Anthony V. Falzon, Esq., prior to executing the FLSA Settlement Agreement; (2) has been represented by Anthony V. Falzon, Esq. in the negotiation of the FLSA Settlement Agreement; (3) has carefully read and fully understands all of the terms of the FLSA Settlement Agreement or they have been translated to her in her native language; (4) has had reasonable time and opportunity to consider the FLSA Settlement Agreement; and (5) has voluntarily entered into the FLSA Settlement Agreement.

10. **No Reliance:** Ramirez represents and acknowledges that in executing the FLSA Settlement Agreement, she did not rely and has not relied upon any representation or statement made by the Defendants, or by any of the Defendants' agents, representatives or attorneys with regard to the subject matter, basis or effect of the FLSA Settlement Agreement, other than the promises and representations made in this FLSA Settlement Agreement.

11. **Interpretation:** The language of all parts of the FLSA Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. The FLSA Settlement Agreement has been negotiated by and between attorneys

for the Parties and shall not be construed against the "drafter" of the FLSA Settlement Agreement. If any portion or provision of the FLSA Settlement Agreement is legally determined to be unenforceable, the remainder of the FLSA Settlement Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of the FLSA Settlement Agreement.

12. **The Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

13. **Execution in Counterparts:** The Parties acknowledge and agree that the FLSA Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

14. **Authority:** Each party represents that each person executing the FLSA Settlement Agreement on its (or her) behalf has been authorized to sign on behalf of the respective party and to bind it (or her) to the terms of the FLSA Settlement Agreement and that the respective Parties have the power and authority to perform their respective obligations as provided by the FLSA Settlement Agreement.

15. **Entire Agreement:** Together with the Non-FLSA Settlement Agreement, the FLSA Settlement Agreement contains the entire agreement between the Parties regarding resolution of the Civil Action and may be modified only in a writing signed by the Parties. No agreements, representations, or statements of any party relating to their claims not contained in the FLSA Settlement Agreement or Non-FLSA Settlement Agreement shall be binding on such party.

16. **Electronic Signature:** This Agreement may be signed by either Party electronically so long as the system and processes used to electronically sign this Agreement complies with the federal ESIGN Act and any state laws regarding the use or adoption of electronic signatures. In the event either Party elects to electronically sign this Agreement, each Party's counsel will maintain records of the system and the process used to obtain and record the Party's signature.

**RAMIREZ UNDERSTANDS THAT WHEN SHE SIGNS BELOW, THIS DOCUMENT WILL BECOME A LEGALLY ENFORCEABLE AGREEMENT UNDER WHICH SHE WILL BE GIVING UP RIGHTS AND CLAIMS SHE MAY HAVE, ON THE TERMS STATED IN THIS AGREEMENT.**

**RAMIREZ HAS BEEN GIVEN THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT. RAMIREZ ACKNOWLEDGES THAT SHE HAS CONSULTED WITH HER ATTORNEY, ANTHONY V. FALZON, ESQ., AND SIGNS THIS AGREEMENT KNOWINGLY, FREELY AND VOLUNTARILY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

**INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS AND ALL OF THE RELEASED PARTIES.**

NOW, THEREFORE, the Parties have executed this FLSA Settlement Agreement knowingly, freely and voluntarily, as of the dates set forth below.

Dated: 12·11·2021    _____
                     YALEISY ROMAN RAMIREZ

Dated: Dec 13, 2021  ABC INTERNATIONAL CLEANING
                     SERVICES, INC.

                     By: **PETER XYDIS**
                     Its: **OWNER**

Dated: Dec 13, 2021  _____
                     PETER XYDIS

EXHIBIT A